## Bross *versus* The Commonwealth.

1. The Act of December 9th 1783 does not authorize an appeal from an order of the Quarter Sessions, refusing to moderate or remit a forfeited recognisance.

2. An appeal is given only when the proceedings on a forfeited recognisance are in the Common Pleas.

3. A certiorari not specially allowed by one of the justices of the Supreme Court, under 33d sect. of Act of March 31st 1860, will not remove an indictment, &c., in the Quarter Sessions.

4. Commonwealth *v.* Rhoads, 9 Barr 488, criticised.

March 15th 1872. Before THOMPSON, C. J., SHARSWOOD and WILLIAMS, JJ. AGNEW, J., at Nisi Prius.

Certiorari to the Court of Quarter Sessions of *Susquehanna county*: No. 334, to January Term 1872, *sur* appeal from order of forfeiture of recognisance.

Henry C. Bross, on the 17th of November 1872, was bound over by a justice of the peace in a recognisance with a surety in the sum of $500, to answer a charge of adultery at the January Term of the Court of Quarter Sessions. At that term the grand jury found a true bill against him, and on the 10th of January, he pleaded "Not guilty;" a jury was impannelled; the defendant was called, and not appearing, the recognisance was forfeited. The court ordered the trial to proceed, and issued a bench warrant under which the defendant was brought into court while the trial was progressing, and committed to the custody of the sheriff; he was found guilty, and, on the 15th of January, was sentenced to pay a fine and be imprisoned for nine months. On the same day a motion was made on behalf of the defendant and his surety that the forfeiture be remitted; the motion was refused. On the 23d of February, the defendant "was permitted to appeal to the Supreme Court," under an order from one of the associate judges, on his own recognisance in $100. He removed the record to the Supreme Court by certiorari.

Five errors were assigned to all the proceedings of the Court of Quarter Sessions in the case, as appearing on the record.

In the Supreme Court the counsel for the Commonwealth moved to quash the appeal, which was taken under the Act of December 9th 1783, 2 Smith's L. 86; 1 Br. Purd. 698, pl. 10, viz.:—

"Sect. 2. All recognisances forfeited in any Court of Quarter Sessions of the peace within this Commonwealth, or in the sessions held for the city of Philadelphia, shall and may be sued for and recoverable in the Court of Common Pleas [of that county in which said recognisances shall be forfeited respectively]; which courts may and are hereby empowered to order the said recognisances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion.

[Bross *v.* The Commonwealth.]

" Sect. 3. *Provided*, That the Supreme Court of this Commonwealth may hear appeals from such orders or judgments of the Courts of Common Pleas on the said forfeited recognisances at the next ensuing term after such judgment given, but not afterwards, and finally decide on the same."

*E. L. Blakeslee* (with whom was ——— *Little*) was for appellant.

*W. H. Jessup*, for Commonwealth, on motion to quash, referred to the above Act of Assembly. There was no allocatur by a judge of the Supreme Court as required by Act of March 31st 1860, § 33, Pamph. L. 437, 1 Br. Purd. 383, pl. 36: Commonwealth *v.* McGinnis, 2 Wharton 113; Commonwealth *v.* Meyer, 2 S. & R. 453.

The opinion of the court was delivered, October 23d 1872, by

WILLIAMS, J.—The Act of December 9th 1783, 2 Sm. L. 86, under which the appeal in this case was taken, makes no provision for an appeal from the orders or judgments of the Courts of Quarter Sessions in refusing to moderate or remit forfeited recognisances. It is true that by its provisions both the Quarter Sessions and the Common Pleas are " empowered to order the said recognisances to be levied, moderated or remitted, on hearing the circumstances of the case, according to equity and their legal discretion." But by the express words of the proviso, giving the right of appeal, this court is only authorized to " hear appeals from the orders or judgments of the Courts of Common Pleas, on the said forfeited recognisances, at the next ensuing court after such judgment given, but not afterwards, and finally decide on the same." It is clear that under the power conferred by the proviso this court has no authority to hear appeals from the orders or judgments of the Courts of Quarter Sessions on forfeited recognisances, for no such power is given either in express terms or by necessary implication. The express authority given in the proviso to hear appeals from the one court does not imply the grant of power to hear appeals from the other, though both courts are named in the body of the act. The suggestion in the case of The Com'th. *v.* Rhoads, 9 Barr 488, that from the order of either court there is an appeal, is a mere dictum, not warranted by the language of the proviso or by any other provisions of the statute, which are too plain to admit of any doubt as to their meaning. It follows that the appeal in this case cannot be sustained, nor can we consider the assignments of error under the writ of certiorari. It was not specially allowed by this court, or one of the justices thereof, as required by the Act of 3d March 1860, § 33, P. L. 439, and by its express provisions, is not available to remove the indictment and proceedings thereupon or a transcript thereof.

Appeal and writ of certiorari quashed.