## COMMONWEALTH v. ADAM OBLENDER.

.APPEAL BY W. C. KNEEZEL, ADMR., FROM THE COURT OF QUARTER SESSIONS OF LANCASTER COUNTY.

Argued May 20, 1890—Decided June 2, 1890.

Where the Court of Quarter Sessions has jurisdiction and no error appears upon the face of the record, an order of said court refusing to remit the forfeiture of a recognizance for appearance therein, may not be reviewed on an appeal to the Supreme Court: Bross v. Commonwealth, 71 Pa. 262.*

Before PAXSON, C. J., STERRETT, GREEN, CLARK and MC-COLLUM, JJ.

No. 223 January Term 1890, Sup. Ct.; court below, No. 129 August Term 1887, Q. S.

On December 7, 1889, after trial and verdict in the case of Commonwealth v. Oblender et al., in the Court of Common Pleas, reported on appeal, etc., to this court, ante, p. 530, where the facts relating to the present controversy will sufficiently appear, William C. Kneezel, administrator c. t. a. of Philip F. Blessing, deceased, moved the Court of Quarter Sessions " to strike off the entry of forfeiture entered on the back of the recognizance returned by Alderman Deen, for the following reasons, to wit:

" 1. Philip F. Blessing having become bail for the appearance of Adam Oblender, at November Sessions 1886, No. 149, to answer a charge of having embezzled the funds of Monterey

---

* See Commonwealth v. Oblender, ante 530.

### Statement of Facts.

Lodge No. 242, I. O. O. F., could not, without his consent, be liable for any greater undertaking than that set forth in his recognizance, and therefore he was not bound to produce said Oblender for sentence at August Sessions, 1887, to answer a charge of larceny preferred against him.

"2. As two indictments were found by the grand jury for embezzlement, demurred to by defendant and quashed by the court and judgment thereon entered for the defendant, the said defendant and his bail, by reason of said judgment, were discharged from all liability on said recognizance, and it therefore could not be forfeited.

"3. As Philip F. Blessing entered into a recognizance to produce Adam Oblender at November Term 1886, to answer a charge of misdemeanor preferred by L. Rathvon, his recognizance could not be forfeited upon said Oblender's failure to appear for sentence upon conviction of a felony.

"4. The recognizance being for the appearance of Adam Oblender at the November Sessions, 1886, it should have been discharged at the end of the term by committing the defendant, delivering him on new bail, or setting him at large. The Court of Quarter Sessions has no power to forfeit the recognizance and respite it, especially after the conviction of the defendant, without the consent of the bail, and the bail in this case was therefore discharged."

A rule having been granted as prayed for, the commonwealth filed an answer averring, in substance, that said Philip F. Blessing was bound to produce said Oblender in court up to and after the time of his conviction for embezzlement, until sentence was passed upon him; that the continuances were at the instance of defendant Oblender, and that after his conviction, he made a motion for a new trial and in arrest of judgment, upon which a rule was obtained; that after argument, etc., said rule was discharged by the court, and afterwards said Oblender called for sentence, and, not responding, his recognizance was forfeited absolutely.

On December 19, 1889, after argument, the court discharged the rule granted upon the motion of Mr. Kneezel, who then took this appeal, specifying that the court erred in discharging said rule, and "in not striking off the entry of forfeiture on the back of the recognizance."

Opinion of the Court.

*Mr. Charles I. Landis* and *Mr. J. Hay Brown*, for the appellant.

Counsel cited: Keefhaver v. Commonwealth, 2 P. & W. 243; People v. Clery, 17 Wend. 374; Mishler v. Commonwealth, 62 Pa. 56; Commonwealth v. Fitzpatrick, 121 Pa. 109.

*Mr. B. F. Davis* (with him *Mr. George A. Lane* and *Mr. A. F. Shenck*), for the appellee.

That an appeal would not lie from the order of the court below, and could not be sustained if it did, counsel cited: Bross v. Commonwealth, 71 Pa. 262; Commonwealth v. McAnany, 3 Brewst. 292; Commonwealth v. Dougherty, 8 Phila. 367.

PER CURIAM.

Philip F. Blessing was bail for Adam Oblender in the Quarter Sessions of Lancaster county for his appearance to answer a charge of embezzlement. The recognizance was forfeited in that court. Blessing is deceased, and his administrator obtained a rule to show cause why the forfeiture should not be stricken off. This rule the court below discharged, and this appeal was taken by the administrator from that order.

We are of opinion that no appeal lies in such case.

It was decided in Bross v. Commonwealth, 71 Pa. 262, that an appeal does not lie from the orders or judgments of the Quarter Sessions in refusing to moderate or remit forfeited recognizances. It was contended, however, that this rule does not apply where, upon the face of the record, it appears the court had no power to forfeit the recognizance, or that it was unlawfully done. Where it appears upon the face of the record that the court had no jurisdiction, or that an order had been unlawfully made, it may be that the case could be reached and the error corrected upon a certiorari. Since the substitution of an appeal for a certiorari, we could apply the same remedy upon the former proceeding. The case in hand presents no such record. The court had jurisdiction; it had the power to enter the forfeiture, and for anything that appears it was lawfully done.

The appeal is quashed, at the costs of the appellant.