## COMMONWEALTH v. CHARLES E. BIRD ET AL.

APPEAL BY R. HEBERLING FROM THE COURT OF QUARTER SESSIONS OF LANCASTER COUNTY.

Argued May 19, 1891—Decided October 5, 1891.

1. On appeal and certiorari, under the act of May 9, 1889, P. L. 158, from the refusal of the Court of Quarter Sessions to order the absolute forfeiture of a recognizance to be stricken off, the Supreme Court cannot go behind the record to inquire into the merits of the proceeding.

Statement of Facts.

2. No appeal is given by statute, in such cases: Bross v. Commonwealth, 71 Pa. 262. Except on the common-law certiorari, the Supreme Court has no jurisdiction to review the order of the Court of Quarter Sessions, and that writ brings up for review nothing except the record proper.

Before STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 25 January Term 1891, Sup. Ct.; court below, No. 46 December Term 1889, Q. S.

On January 25, 1889, the grand jury returned as a true bill an indictment charging Charles E. Bird, William Ruth, William Heberling and others with conspiracy to defraud. On June 7th, the indictment being tried, the jury returned a verdict that the defendants were guilty as indicted. On November 16th, a rule for a new trial was discharged.

It was shown by the record presented that on January 24, April 27, and June 8, 1889, the recognizance of the defendants was forfeited and respited. Like orders were made on August 24, November 23, December 14, December 30, 1889; and on January 2, 1890, the recognizance was again forfeited and respited to January 4th. On the day last mentioned the recognizance was forfeited absolutely, Mr. A. J. Eberly "objecting and asking that the original recognizance be first marked filed as of the day it was received by the district attorney and attached to the return of the justice in the case." The objection was overruled.

On January 18, 1890, Richard Heberling, John Gelsinger and Rudolph Hatt presented a petition, verified by affidavit, in substance averring:

That on December 25, 1888, complaint was made before a justice of the peace by John R. Redcay against Charles E. Bird and the other defendants, for buying tobacco at different times under false representations, for the purpose of cheating the complainant out of the purchase money; that on the same day the justice issued his warrant to a constable for the arrest of the defendants, and on December 26, 1888, the defendants and the petitioners entered into what purported to be a recognizance in $500, for the appearance of the defendants at the next Court of Quarter Sessions of the Peace, to answer said charge.

Arguments.

" That said recognizance was indorsed on the warrant for the arrest of said defendants and was never filed in the office of the clerk of said court, and only came to the district attorney's hands on or about January 2, 1890, who afterwards pinned it to the return of said case made to the court by said Reuben E. Shober, Esq., but never marked it filed; and, as we are advised, it does not form a part of the record to affect your petitioners, to affect their liability.

" That the return made to said court by said justice of the peace is all in his handwriting, and that the recognizance on said return was never signed by your petitioners and never entered into by your petitioners before said justice of the peace, in any shape manner or form; and that the said recognizance on said return was forfeited and respited on January 24, 1889, on April 27, 1889, on June 8, 1889, on August 24, 1889, on January 2, 1890, and absolutely forfeited on January 4, 1890, under objections by A. J. Eberly, the counsel of your petitioners, the undersigned.

" Your petitioners further represent that all said forfeitures and respites, made as aforesaid, were irregular and are null and void as to your petitioners, and that said forfeiture absolutely does not bind them.

" That all proceedings in this case, as far as they relate to and affect your petitioners, are irregular and not warranted by any act or acts of assembly or decision of any court.

" Your petitioners, therefore, pray the said court for a rule to show cause why said recognizance should not be respited, and your petitioners be discharged; that said forfeitures and respites be stricken from the record so far as they affect your petitioners; and, also, that the absolute forfeiture of said recognizance be stricken from the record in the case, so far as it relates to your petitioners; and grant such other and further relief as your petitioners are entitled to in the matter alleged in this petition and shown by the record."

On August 16, 1890, a rule to show cause, etc., granted upon the petition, was discharged, PATTERSON, J. Thereupon, the petitioner, Richard Heberling, took this appeal, assigning the order discharging said rule for error.

*Mr. A. J. Eberly*, for the appellant.

Opinion of the Court.

Counsel cited: Act of May 8, 1854, P. L. 678; act of April 10, 1873, P. L. 759; Commonwealth v. Randall, 8 Phila. 373; Mishler v. Commonwealth, 62 Pa. 60.

*Mr. A. C. Reinoehl*, District Attorney, *Mr. W. D. Weaver* and *Mr. B. F. Davis*, for the commonwealth, were not heard.

That no appeal lies, counsel cited: Bross v. Commonwealth, 71 Pa. 262; Commonwealth v. Oblender, 135 Pa. 536. Upon the merits of the case: Commonwealth v. McHenry, 13 Phila. 451; Pierson v. Commonwealth, 3 Gr. 314; Moore v. McBride, 1 P. & W. 148; Ingham v. Tracy, 5 W. 333; Fox v. Commonwealth, 81* Pa. 511; Commonwealth v. Dougherty, 8 Phila. 367.

OPINION, MR. JUSTICE STERRETT:

It appears by the record in this case that the recognizance of the five defendants and their bail, was first forfeited on January 24, 1889, and respited until April sessions of same year. Thereafter it was regularly forfeited and respited from term to term until January 4, 1890, at which time the defendants and their bail were again respectively called, and, not answering, their recognizance was absolutely forfeited. Two weeks thereafter, on application of three of the sureties, a rule was granted "to show cause why the forfeiture of the recognizance," etc., "should not be stricken off." On August 16th following, the rule was discharged. The only complaint in the several specifications is the action of the court in thus discharging the rule to show cause, and refusing to strike off the forfeiture.

Testing the validity of the acts complained of, as in such cases we must, by the record alone, there appears to be no error that calls for our intervention. We have no right to go behind the record for the purpose of inquiring into the merits of the case, for the reason that no appeal is given in such cases: Bross v. Commonwealth, 71 Pa. 262. We have no jurisdiction of the case except on certiorari, and that brings up for review nothing except the record proper. But, if it were otherwise, it would profit the appellant nothing; because, by going outside of the record, it would appear that he and others became bail for the appearance, etc., of five defendants, who are now fugitives from justice, and have neither made, nor offered to make

Statement of Facts.

restitution for the crime of which they were duly convicted, and that the only ground on which appellant· claims relief is a bald technicality, utterly destitute of merit.

> The proceedings of the Court of Quarter Sessions are therefore affirmed, with costs to be paid by appellant.