## W. M. Applegate *v.* Charles H. Cohn and Milton Berger, now or late partners, trading under the firm of Cohn & Berger, Appellants.

*Practice, C. P.—Sufficiency of statement, when to be raised.*

If sufficiency of a statement is to be challenged, the objection should be made before judgment is rendered, after argument on the merits, on a rule for judgment for want of a sufficient affidavit of defense.

*Practice, C. P.—Sufficiency of statement—Res adjudicata.*

If an affidavit of defense be filed and the case argued upon the merits and judgment rendered for the plaintiff, the sufficiency of the statement becomes res adjudicata.

A judgment having been rendered upon statement and affidavit, and not appealed from, on an appeal taken from refusal of the court below to strike off or open the judgment and permit defendant to file a supplementary affidavit, the appellate court will refuse to consider the sufficiency of the plaintiff's statement.

*Practice, C. P.—Rule to strike off judgment.*

A motion to strike off a judgment for want of sufficient affidavit of defense and permit defendant to file supplemental affidavit is properly refused when the motion is based on allegations of fact, supported only by defendant's petition and affidavit, which are denied by plaintiff's sworn answer.

Argued Dec. 18, 1895. Appeal, No. 9, Nov. T., 1895, from the decree of C. P. Lehigh Co., April T., 1895, No. 30, discharging rule entered upon plaintiff to show cause why judgment against defendants for want of sufficient affidavit of defense should not be opened or stricken off, and a supplementary affidavit of defense be allowed to be filed. Before RICE, P. J., WILLARD, BEAVER, REEDER, WICKHAM, McCARTHY and ORLADY, JJ. Affirmed.

Assumpsit to recover $371.31, with interest from April 4, 1892, for goods sold and delivered.

Plaintiff's statement, alleged sale and delivery of the goods and the amount of balance due and unpaid. Attached to the statement was a paper purporting to be "a correct statement of goods sold and delivered, with the items of credit, being a copy of the plaintiff's books of original entry." The first few items of the alleged copy of book entry will indicate its character.

Extract from copy of book entry:

Statement.

BETHLEHEM, Pa., Dec. 20, 1894.

Messrs. COHN & BERGER,

To W. M. APPLEGATE, Dr.

| 1890 | | | | | |
|---|---|---|---|---|---|
| May 29, | To Mdse, | . | . | . | . $13 21 |
| June 10, | " | . | . | . | . 14 89 |

The court entered judgment for the plaintiff after argument upon rule for judgment for want of sufficient affidavit of defense on March 16, 1895. On April 1, 1895, on petition of defendants' counsel the court granted a rule to show cause why the judgment should not be stricken off and a supplementary affidavit of defense sworn to by one of the defendants, alleging, inter alia, the omission of certain credits and informality of the statement filed. No testimony was taken in support of the rule.

The court dismissed the rule of April 1, 1895, in an opinion by ALBRIGHT, P. J., July 1, 1895, in which he said:

Upon the merits defendants have not made out a case entitling them to relief. The checks referred to by defendants and claimed not to have been credited have not been produced.

There was no testimony taken with opportunity to cross-examine, as to the disputed items. Plaintiff's answer to the rule denies what defendants assert as grounds for relief.

The statement is sufficient to support the judgment.

*Errors assigned*, were (1, 2) entry of judgment against defendant for want of sufficient affidavit of defense (3, 4, 5); not opening judgment and not allowing supplementary affidavit of defense to be filed.

*Edward Harvey, Morris Hoats* with him, for appellant.—The statement is fatally defective: See act of May 25, 1887, P. L. 271; Kauffman v. Jacobs, 4 Pa. C. C. R. 462; Zimmerman v. Keubler, 4 Pa. C. C. R. 607; Wall v. Dovey, 60 Pa. 212; Hamill v. O'Donnell, 2 Miles, 101. The same rule was applied in Harbison v. Hawkins, 81 Pa. 142; Ferris v. Brick Machine Co., 4 W. N. C. 441; Richards v. Harper, 10 W. N. C. 452.

Copies of ledger accounts are not such copies of book ac-counts as are contemplated by the act of assembly: Bank v. Baker, 14 W. N. C. 89.

The mere charge of " mdse." in plaintiff's books does not con-stitute a valid book entry. A copy of such entries will not sup-port a claim for judgment: Coll v. Stelwagon, 20 W. N. C. 21.

Equally insufficient are lumping charges for " mdse : " End-lich on Affidavits of Defense, sec. 208, page 195.

The Supreme Court in Richardson v. P. & R. Coal & Iron Co., 39 Leg. Int. 99 (March 17, 1882), not elsewhere reported, affirms Wall v. Dovey, 60 Pa. 212, and holds:

The plaintiff's statement under the act of May 25, 1887, P. L. 271, is of wider scope than the affidavit of defense law; it is a substitute for a formal declaration, and must exhibit a complete cause of action in such clear, express and unequivocal language, that if material averments are not denied by the defendant, a judgment in default may be entered and liquidated : Byrne v. Hayden, 124 Pa. 170.

When the statement and the copy of the insurance policy filed therewith show upon their face that they are not a com-plete copy or full statement of the contract of insurance upon which the action is founded, a demurrer will be sustained un-der the procedure act of 1887: Fehl's Executrix v. Insurance Co., 14 Pa. C. C. R. 183.

A judgment for want of a sufficient affidavit of defense is in effect a judgment on demurrer, and, like all such judgments, must be self-sustaining on the face of the record ; and hence the fact that the sufficiency of the statement of claim may not have been objected to below is not a reason why it should not be regarded by the Supreme Court; after a reversal, however, the court may allow amendments: Fritz v. Hathaway, 135 Pa. 274.

In Gallagher v. Stack, 4 Kulp, 270, RICE, P. J., says : " In cases where an insufficient copy has been filed the better prac-tice is to file a suggestion of the insufficiency before the time for taking judgment, but it cannot be disputed that the court has power to strike off the judgment, even though the defend-ant has not filed such suggestion, if he moves promptly." This practice was observed in Sylvester v. Thompson, 11 W. N. C. 203, and in Thorne v. Noel, 5 W. N. C. 566. And the most

notable illustration of the rule is found in Fritz v. Hathaway, 135 Pa. 274.

It is the right of the defendants to have the record corrected and to have expunged any judgment illegally and erroneously entered.   In Kelber v. Plow Co., 146 Pa. 485, there had been a judgment by default of appearance.

*T. F. Diefenderfer*, *C. J. Erdman* with him, for appellee.— The defense was so clearly insufficient on the merits that the court promptly entered judgment on the affidavit.

There is then left only the question of the sufficiency of the statement to meet the requirements of the act of 1887.   We allege that the general specifications of error do not raise the question now as was ruled in Fritz v. Hathaway, 135 Pa. 274. Here they are general—there they were specific.

Even if the plaintiff's bookkeeping be defective, and the bills be not set down itemized, yet it is helped out both by the averments in the statement, the admissions in the affidavits, and the facts in the answer.

OPINION BY BEAVER, J., January 20, 1896 :

Judgment was entered in the court below on the 16th of March, 1895, for want of a sufficient affidavit of defense.   The summons was issued February 16, and the same day the plaintiff's statement and affidavit of cause of action filed, which, according to the return of the sheriff, seems to have been served with the summons.   March 4, 1895, defendant filed his affidavit of defense.   On the 16th of March, 1895, the plaintiff's attorney moved the court for judgment for want of a sufficient affidavit of defense.   Of this motion the defendants' attorney had notice.   Both parties being represented, and the question for consideration being the sufficiency of the affidavit of defense, there was no need for the issuance of a formal rule returnable subsequently.   The court heard both sides, which was equivalent to the granting of a rule returnable forthwith.   The decree of the court shows that, on the 16th of March, 1895, motion for judgment was argued by counsel for plaintiff and defendant.   The defendant, the appellant in this court, therefore, had his day in court and was heard in support of his affidavit of defense.   The court found and so ruled " that plaintiff is en-

titled to judgment for the said principal and interest alleged to be due in plaintiff's statement, the affidavit of defense being insufficient, judgment is entered for the sum demanded by the statement, amount to be ascertained by the prothonotary." Same day the prothonotary, upon præcipe of plaintiff's attorney, entered judgment in favor of plaintiff against the defendant for the sum of $437.03. From this judgment there was no appeal.

On the 1st of April following the defendant's attorney presented his petition to the court, praying for the entry of a rule upon the plaintiff to show cause why the judgment previously entered should not be opened or stricken off and supplemental affidavit of defense allowed to be filed. The court granted the rule. The plaintiff's answer thereto was filed immediately. The question before the court, therefore, was not as to the sufficiency of the supplemental affidavit of defense, but whether or not the court would make the rule, to strike off the judgment and *allow* a supplemental affidavit of defense to be filed, absolute. Upon consideration, the court, on the 1st of July, 1895, filed a short opinion, discharging the rule, from which decree the defendant appealed to this court, July 20, 1895, more than three months after the entry of the original judgment.

Upon the record, as thus presented, it seems to us that the question of the sufficiency of the original statement, under the provisions of the act of the 25th of May, 1887, does not come under review. The defendant had the right to object to the sufficiency of the statement at the time of the argument for the motion for judgment for want of a sufficient affidavit of defense. This he did not do and the entry of the original judgment was, therefore, so far as the sufficiency of the statement was concerned, res adjudicata. As was said by Mr. Justice MITCHELL, in delivering the opinion of the court in Newbold v. Pennock, 154 Pa. 597: " It is further argued for appellant that the statement is insufficient. It certainly lacks precision. The averment that the note was delivered to the said E. R. Bryan, who then and there for a valuable consideration indorsed the same to the plaintiff, does not distinctly set up an indorsement and delivery before maturity, and in fact is less specific than a common law declaration and might, therefore, have been demurrable, but the defect was not in-

herently fatal, and the defendant did not demur but set up a defense on the merits. His affidavit for that purpose was insufficient;" so we may say in this case that, having failed to demur to the statement and having set up a defense on the merits which was decided against him, the defendant should have appealed from the judgment of the court below, in order to raise the question of the sufficiency of the statement. The petition of the defendant for a rule to show cause why the judgment originally entered should not be stricken off and he allowed to file a supplemental affidavit of defense, in which said petition he alleged the insufficiency of the statement upon grounds therein stated, was granted by the court. The rule was answered fully by the plaintiff. This raised an issue of fact which should have been supported by testimony presented to the court below. No testimony was taken, and, although a supplemental affidavit of defense was offered to be filed, it had no greater weight or significance than the petition upon which the rule was granted. It was incumbent on the defendant to inform the court, by competent evidence, as to the facts alleged in his petition. Having failed to do this, we are of opinion that the court was justified in discharging the rule, for the reasons stated in the opinion of the learned judge. The judgment, entered 16th of March, must therefore stand, and the decree of the court below of July 12, discharging the rule to show cause why the judgment should not be opened or stricken off, and the defendant allowed to file a supplemental affidavit of defense, is affirmed.