## Commonwealth of Pennsylvania v. Solomon Fogelman and Harris Flomenhaft, Appellant.

*Practice, Superior Court—Review—Forfeited recognizance.*

The forfeiture of recognizance after judgment will not be reversed for a cause which, if it has any merit at all, might have been pleaded when defense was made to the action.

*Practice, Superior Court—Review—Forfeited recognizance—Certiorari.*

An appeal from the order of the quarter sessions discharging a rule to show cause why the forfeiture of a recognizance should not be remitted and the judgment stricken off cannot be treated as an appeal under the act of 1783, but rather as a substitute for a certiorari, and any application to strike off the judgment can only be sustained on the ground of irregularity appearing on the record.

*Practice, C. P.—Relief from forfeited recognizance.*

Where there is a regular and final forfeiture of a recognizance the liability of the recognizors is absolutely fixed thereby, and relief therefrom should be sought by petition to the court to respite the recognizance for cause to be shown under the act of 1783. In a suit upon a recognizance the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture upon the principle, omnia præsumunter rite esse acta, hence, it must be taken for verity that the defendant and his bail were duly called and did not appear or answer.

Argued Dec. 18, 1896. Appeal, No. 174, Nov. T., 1896, by Harris Flomenhaft, from order of Q. S. Phila. Co., Dec. Sess., 1895, No. 1, discharging rule of appellant to remit forfeiture of recognizance and strike off judgment. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Rule to remit forfeiture of recognizance and strike off judgment.  Before HARE, P. J.

The facts sufficiently appear in the opinion of the Superior Court.

*Louis Paul Brenan* and *H. Homer Dalbey*, for appellant.— The surety was only bound for the appearance of the defendant at the proper term and the respite from term to term without application or consent of said surety does not revive the forfeiture but the same dies and is not extended to the time of first bringing suit: Com. v. Oblender, 135 Pa. 530.

The commonwealth having continued the case of Fogelman from term to term and stayed proceedings on the forfeited recognizance from term to term, this is laches on the part of the commonwealth, and causes the said forfeiture to die: Mishler v. Com., 62 Pa. 55.

The recognizance itself is the record, and the entries upon the back of it are the entries of what took place in regard to the forfeiture: Com. v. Oblender, 135 Pa. 530.

*Clayton B. Fife*, with him *George S. Graham*, district attorney, for appellee.—No appeal lies from an order of the court of quarter sessions refusing to moderate or remit a forfeited recognizance: Bross v. Commonwealth, 71 Pa. 262; and an entry of forfeiture is conclusive that the defendant was called and did not appear and that all the steps necessary to complete the forfeiture had been taken: Fox v. Commonwealth, 81* Pa. 511.

When the court of quarter sessions has jurisdiction and no error appears upon the face of the record, an order of said court refusing to remit the forfeiture of a recognizance for appearance therein, may not be reviewed on an appeal to the Supreme Court: Com. v. Oblender, 135 Pa. 530, 536; Commonwealth v. Bird, 144 Pa. 194.

When there is a regular formal forfeiture of a recognizance the liability of the recognizors is absolutely fixed thereby, and relief therefrom must be sought by petition to the court, to respite the cognizance for cause to be shown under the provisions of the act of 1783: Faulke v. Com., 90 Pa. 257.

The argument of the appellant in support of his appeal from the order to remit the forfeiture is based wholly upon proceedings subsequent to the forfeiture, and involves nothing more than

questions relating to the merits of the case. These have been passed upon by the court below and decided adversely to the appellant, and that decision is final.

Even though it were not final, the proceedings subsequent to the forfeiture could not affect in any way the legality of the forfeiture on December 30, 1895, and are therefore irrelevant to the question before this court.

OPINION BY RICE, P. J., February 16, 1897:

In November, 1895, an action of assumpsit was brought against Harris Flomenhaft on a forfeited recognizance for the appearance of one Fogelman to answer a criminal charge. The statement set forth a copy of the recognizance, and averred that it was duly adjudged and decreed to be forfeited on December 30, 1890. Flomenhaft filed an affidavit of defense, in which he admitted that he entered into the recognizance, and did not deny that it was duly adjudged to be forfeited, as alleged in the plaintiff's statement. It is unnecessary to refer to the other matters alleged in his affidavit further than to say that they were wholly insufficient to constitute a defense to the action. A rule for judgment for want of a sufficient affidavit of defense was granted, which after argument was made absolute on June 12, 1896. No appeal was taken from this judgment, but on October 27, 1896, after two fi. fas. and a vend. ex. had issued and the defendant's real estate was about to be sold, he applied for and obtained a rule to show cause why the forfeiture of the recognizance should not be remitted, and the judgment be stricken off. It is to be observed, further, that although the defendant had knowledge, for a long time, of the forfeiture, he made no effort to have it remitted, or to produce Fogelman for trial. On the contrary it appears by the original affidavit of defense that he has departed the country.

The present appeal was taken from the order discharging the above mentioned rule.

As the order refusing to remit the forfeiture was entered in the court of quarter sessions, it is questionable whether an appeal—using that term in its original sense—lies. The act of December 9, 1783, 2 Sm. L. 84, provided that all recognizances forfeited in any court of quarter sessions should be sued for and be recoverable in the court of common pleas of the same

county, " which courts may, and they are hereby empowered to order the said recognizances to be levied, moderated or remitted on hearing the circumstances of the case according to equity and their legal discretion." The next section provided that the Supreme Court " may hear appeals from such orders or judgments of the courts of common pleas on the said forfeited recognizances at the next ensuing term after such judgment given, but not afterwards, and finally decide on the same." By the act of·April 22, 1846, P. L. 477, exclusive jurisdiction of suits upon recognizances forfeited in the court of quarter sessions of Philadelphia was conferred upon that court; and by the prior act of April 4, 1837, P. L. 378, it was provided that the court should have power to moderate and remit the same as effectually as the courts of common pleas might do.

Under the act of 1783 it would seem that the court of common pleas, as well as the·court of quarter sessions, had jurisdiction of an application to remit or moderate the forfeiture of a recognizance entered in the latter court; and it was suggested in Com. v. Rhoads, 9 Pa. 488, that from the order of either court there would be an appeal to the Supreme Court. But in Bross v. Com., 71 Pa. 262 it was held, that the act gave an appeal only when the order was made in the common pleas. Said WILLIAMS, J. : " The suggestion in the case of Com. v. Rhoads, that from the order of either court there is an appeal is a mere dictum not warranted by the language of the proviso or by any other provision of the statute, which are too plain to admit of any doubt as to their meaning." To the same effect are Com. v. Oblender, 135 Pa. 536 ; and Com. v. Bird, 144 Pa. 194. Treating the present appeal as a substitute for a certiorari, and not as an appeal under the act of 1783, we discover no error in the record requiring a reversal of the judgment. Where there is a regular and formal forfeiture of a recognizance the liability of the recognizors is absolutely fixed thereby, and relief therefrom should be sought by petition to the court to respite the recognizance for cause to be shown under the act of 1783 : Foulke v. Com., 90 Pa. 257. In a suit upon a recognizance the entry of a forfeiture stands for proof of all the steps necessary to complete the forfeiture, upon the principle omnia præsumunter rite esse acta; hence it must be taken for verity that the defendant and his bail were duly called and did not appear or answer: Fox v. Com. 81* Pa. 511 ; Com. v. Basendorf, 153 Pa. 459.

Prior to our procedure act no evidence was admissible under the pleas of nil debet and payment but what tended to show, either that the recognizance was not forfeited, or that it had been remitted by lawful authority: Com. v. Newland, 10 S. & R. 355. But it was always competent to defend the action upon the ground that there was no forfeiture in fact if the record did not show a forfeiture. Such defense involves no impeachment of the record. It is simply a denial of a breach, and of a forfeiture of the recognizance and an offer to sustain the denial by an appeal to the record. Upon this feature of his present application the defendant had an opportunity to be heard when he filed his affidavit of defense. If, as he now alleges, the record shows that the recognizance was not duly and properly forfeited on December 30, 1890, but that the case was not called up until 1894 or thereabouts, he might, and should, have made that defense to the action. The commonwealth alleged that the recognizance was duly forfeited, and that the record sued upon showed it. The defendant did not see fit to deny these allegations then, nor to appeal from the judgment within the statutory period. For the purposes of the rule for judgment they were therefore to be taken as admitted facts, and the judgment was entirely regular under the pleadings. It would have been error to refuse judgment, and if it were an ordinary judgment it would have been equally erroneous to strike it off upon the allegations of the defendant's petition as to matters dehors the record. A motion to strike off a judgment must be on the ground of irregularity appearing on the face of the record: O'Hara v. Baum, 82 Pa. 416; North v. Yorke, 174 Pa. 349, and cases there cited. See also Applegate v. Cohn, 1 Pa. Superior Ct. 174, 344. The judgment unappealed from stood as an adjudication that the defendant entered into the recognizance, and that it was duly forfeited.

We are not to be understood as saying that the court may, under no circumstances, remit or modify the forfeiture of a recognizance after judgment, but only that it is not reversible error to refuse to do so for a cause which, if it has any merit at all, might have been pleaded when defense was made to the action.

Order affirmed, and appeal dismissed at the costs of the defendant.