# William McGonnigle v. Robert D. McGonnigle, Appellant.

*Actions—Contribution for payment of bond and mortgage—Cause of action.*

In an action for contribution, not founded directly on either the bond or mortgage, but on a payment which satisfied both, the plaintiff is considered as standing in the creditor's place and entitled to the benefit of all his rights and securities.

*Contribution—Plaintiff's statement—Cause of action—Practice, C. P.*

A good cause of action is set out in a suit for contribution where the statement shows, (1) that the indebtedness was secured primarily by the bond given by the mortgagors and wherein all were liable; (2) that the mortgage was given as further security for the same debt; (3) that the plaintiff, to save himself from loss, was forced to pay the whole amount secured by the mortgage, thus in effect paying the debt due from himself and his co-obligors on the bond; (4) that, by reason of having so paid out his money he is entitled to contribution from the defendant.

*Practice, C. P.—General demurrer to statement—Act of 1887.*

Where a statement, taken as a whole, shows a good cause of action, and the defendant, instead of demurring specially or objecting in some other allowable way, to a formal defect, rests his defense exclusively on other matters, he cannot be heard in the appellate court to object to the judgment for such a defect. This old and familiar principle was not abrogated by the Act of 1887, P. L. 271.

*Practice, C. P.—Statement—Neglect to set out copy of instrument— Waiver by defendant.*

The Act of May 25, 1887, P. L. 271, provides that the concise statement,

required thereby, shall be accompanied by a copy of the instrument sued upon. This requirement is imperative if the defendant chooses to insist thereon ; but, if the statement, taken as a whole, shows a good cause of action, and if the defendant neglects to demur specially, and rests his defense wholly on other matters, he cannot be heard in the appellate court to object to the judgment for such defect.

*Contribution—Special request to pay not essential.*

In an action for contribution, it is no defense that the defendant did not ask the plaintiff to pay the common creditor, or that the plaintiff's motive in paying the money was to save himself from loss.

Argued April 12, 1897. Appeal, No. 11, April T., 1897, by defendant, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1896, No. 488, on demurrer. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Demurrer to plaintiff's statement in assumpsit. Before WHITE, J.

The facts appear from the plaintiff's statement and the demurrer, which are set out below.

Statement of plaintiff's demand, made under the provisions of the act of assembly of May 25, 1887.

The above action is brought to recover the amount of $238.12, with interest thereon from April 5, 1894, being the one fifth part of $1,190.61, paid by plaintiff on April 5, 1894 (through his attorney, C. Hasbrouck, Esq.), to the sheriff of said county, in full of debt, interest and costs on levari facias No. 233, April term, 1894.

For that whereas the said William McGonnigle, Robert D. McGonnigle, Sarah A. McGonnigle, Marshall McGonnigle and George M. McGonnigle, in all five in number, gave their joint bond and mortgage to Valentine Baker, dated February 10, 1887, and which mortgage was recorded April 5, 1887, in the recorder's office of Allegheny county aforesaid, in mortgage book, volume 388, page 640, on the real estate in said mortgage described, for the payment of $1,000 on December 5, 1889, with interest thereon from December 5, 1886, on which mortgage a scire facias and alias scire facias was issued at No. 268, January term, 1894, in the court of common pleas No. 2 of Allegheny county, in which judgment was obtained against the said William McGonnigle, Robert D. McGonnigle, Sarah A. Mc-

Gonnigle, and Marshall McGonnigle administrators of said George M. McGonnigle, then deceased, for the sum of $1,114.74, on which judgment a levari facias was issued at No. 233, April term, 1894, on which the real estate described in said mortgage and writs of scire facias and levari facias was advertised by the sheriff for sale on the 2d day of April, 1894, and then adjourned to the 6th of April, 1894.

And William McGonnigle, the plaintiff in this case, being one of the five defendants in said judgment and execution thereon, in order to prevent a sale of said real estate by the sheriff, and great damage and loss thereby, as well to this plaintiff as also to the said Sarah A. McGonnigle, his mother, the said real estate being of great value, was obliged to pay, and did pay on April 5, 1894, to the sheriff the said sum of $1,190.61, in full of the debt, interest and cost on said execution.

Whereby, and by reason thereof the said Robert D. McGonnigle, then and there became indebted, and liable to pay to the said William McGonnigle, the plaintiff, the one fifth part of said sum of $1,190.61, to wit: the said sum of $238.12, with lawful interest thereon from the said 5th day of April, 1894, above demanded ; and which amount, to wit, $238.12 is justly due and payable to William McGonnigle, the plaintiff, by the said Robert D. McGonnigle, the defendant, together with interest thereon from the 5th day of April, 1894, as aforesaid.

And now, to wit: December 17, 1895, comes the defendant by his attorney, J. H. Beal, and demurs to the whole of the plaintiff's statement in the above case, and assigns the following reasons :

1. The said statement does not set forth any facts, showing a cause of action in the plaintiff, against the defendant.

2. There is no averment in the said statement that this defendant was the owner of, or in any wise interested in, the land covered by said mortgage or any part thereof, at the date of said payment by the plaintiff.

3. There is no averment that said payment was made in relief of this defendant or of any property owned by him.

The court entered judgment for the plaintiff on the demurrer against the defendant for one fifth the amount paid by the plaintiff, with interest thereon, to wit: for $266.68. Defendant appealed.

*Errors assigned* were (1) In not sustaining the demurrer and entering judgment for plaintiff, reciting same.   (2) In not sustaining the demurrer and entering judgment for the defendant thereon.

*J. H. Beal*, with him *W. B. Rodgers*, for appellant.—The theory of the case is not suggested by the statement.   The plaintiff's case as set out there, is based wholly on the payment of the mortgage.   The conclusive answer, however, is that the procedure Act of May 25, 1887, P. L. 271, provides that the plaintiff's statement in the action of assumpsit "Shall be accompanied by copies of all notes, contracts, book entries, . . . . upon which the plaintiff's claim is founded."   Our rule of court is still more explicit and requires the plaintiff to attach to his statement a copy of any written instrument upon which his suit is founded.

*C. Hasbrouck*, for appellee.—If two are jointly indebted by bond and one pays all he may have assumpsit against the other for his proportion; this generally: Craig v. Craig, 3 Rawle's Reports, 471.

Opinion by Wickham, J., July 23, 1897:

The plaintiff and four others, including the defendant, on February 10, 1887, gave their joint bond and mortgage to one Valentine Baker to secure the payment of $1,000, on December 5, 1889, with interest on said debt from December 5, 1886.   In 1894 judgment was obtained on the mortgage against the plaintiff and three others of the mortgagors and the administrator of the fifth.   The real estate mortgaged was then advertised for sale, on levari facias, and on April 5, 1894, the plaintiff, to prevent a sale and sacrifice of said real estate, paid the amount due on the execution.   He now seeks, through this action, to compel the defendant to contribute his proportionate share of the money so paid.

The defendant demurs to the plaintiff's statement of claim for the following reasons: "1. The said statement does not set forth any fact showing a cause of action in the plaintiff against the defendant.   2. There is no averment in the said statement that this defendant was the owner of, or in any wise interested in,

the land covered by said mortgage, or any part thereof, at the date of said payment by the plaintiff. 3. There was no averment that said payment was made in relief of this defendant, or of any property owned by him."

The statement of claim makes the mortgage part of itself, by due reference thereto. The mortgage very fully recites the bond, and the plaintiff claims to recover, not merely because he paid the mortgage, but for the reason that he paid the debt, for which he and the defendant were jointly liable on both the bond and mortgage. The payment of the latter was ipso facto payment of the former. The plaintiff was therefore entitled to have the bond delivered up to him, and presumably received it. This suit might have been based on the liquidation of the bond alone, and the manner of its payment, namely, the satisfaction of the mortgage, would not need to have been mentioned at all, but might be reserved and used as evidence. The two instruments were security for the same debt, and the plaintiff, having paid one, necessarily paid the other. This is an inference of law resulting from the facts set out in the statement.

The defendant, however, wants us to treat the case as though the plaintiff were only claiming an equity of subrogation to the creditors' rights under the mortgage. This is a mistaken view of the matter. The action, which is an ordinary one for contribution, is not founded directly on either the bond or mortgage, but on the payment which satisfied both. The plaintiff is considered as standing in the creditor's place and entitled to the benefit of all his rights and securities. The statement substantially shows first, that the indebtedness was secured primarily by the bond given by all the mortgagors and whereon all were liable; second, that the mortgage was given as further security for the same debt; third, that the plaintiff to save himself from loss was forced to pay the whole amount secured by the mortgage, thus in effect paying the debt due from himself and his co-obligors on the bond, and lastly, that by reason of having so paid out his money he is entitled to contribution from the defendant. What more is necessary to evince a demand founded on law and justice? The bond being overdue, had the plaintiff paid it directly and even without suit, his right to contribution, in the absence of facts set up by the affidavit of defense or plea, to relieve the defendant, would be undeniable.

What matters it that he satisfied the bond indirectly by paying the mortgage after it was sued on? In either case his act resulted in the payment of the defendant's debt, as well as his own, and his right to reimbursement should follow, the payment of the debt being the broad foundation of that right.

From what has already been said it will appear that the reasons for demurrer are untenable. Instead of its being true that the statement "does not set forth any facts showing a cause of action," the facts are amply sufficient to sustain the judgment.

The defendant's objection, which appears nowhere except in the argument, that no literal copy of the bond accompanies the plaintiff's statement, should have been specially assigned as a ground of demurrer. The Act of May 25, 1887, P. L. 271, provides that the declaration in an action of assumpsit shall consist of a concise statement of the plaintiff's demand, which shall be accompanied by copies of the notes, contracts, etc., upon which the claim is founded, and each of these requirements is imperative, if the defendant chooses to insist thereon. As Mr. Chief Justice STERRETT remarks in Acme Mfg. Co. v. Reed, 181 Pa. 382, "without the defendant's consent," the averments of the statement cannot be accepted as the legal equivalent of the "copy" or "copies" required by the act.

But if the statement taken as a whole shows a good cause of action, and the defendant instead of demurring specially or objecting in some other allowable way, to a formal defect, rests his defense exclusively on other matters, he cannot be heard in the appellate court to object to the judgment for such a defect. This old and familiar principle was not abrogated by the act of 1887 and it is as fully applicable to pleadings under the act as it was to pleadings at common law. It was applied in Newbold v. Pennock, 154 Pa. 591 and impliedly recognized in Acme Mfg. Co. v. Reed, supra, as appears by the above brief quotation from the opinion in that case. See also Applegate v. Cohn and Berger, 1 Pa. Superior Ct. 174. Any other rule would promote delays and unfair practices and be out of harmony with reason.

Of course, it is not to be expected that the defendant's "consent" shall be formally reduced to writing and filed. It may be inferred from what he does or fails to do. In Newbold v. Pennock, supra, taking defense on the merits alone was held to

be a waiver of the right to object, after judgment, to a statement that fell short of the requirements of the act of 1887. So in the present case, failure to object by demurrer, suggestion or affidavit of defense, to the absence of a copy of the bond, and resting the defense solely on other matters, is conclusive, at this stage of the proceedings, that the defendant waived his right to object. It would be otherwise if the statement showed no cause of action, were so defective as to be open to a general demurrer, or to furnish ground, after verdict, for a motion in arrest of judgment. "A general demurrer lies only for defects of substance, a special demurrer only for defects of form, and adds to the terms of the general demurrer a specification of the particular ground of exception. Thus if a defective title be alleged, it is a fault in substance for which the party may demur generally, but if a title be defectively stated it is only a fault in form which must be specially assigned for cause of demurrer. And under the statute of 4 and 5 Anne, ch. 16, unless imperfections, omissions, defects and other matter of like nature be specially and particularly set down and shown for cause of demurrer, the court shall give judgment according to the very right of the cause without regarding the said imperfections," etc. : Saunders P. & E. p. 950 : Commonwealth v. The Cross Cut Railroad Co., 53 Pa. 62.

The substance of the bond fully appears in the mortgage, which by reference is made part of the statement, and we cannot say that the omission complained of is fatal, as the record stands. What was intended for a general demurrer alleges, that the statement "does not set forth any facts showing a cause of action in the plaintiff against the defendant." The truth is that the statement, while it may fail to comply with one of the formal provisions of the act of 1887, and therefore perhaps was open to objection at the right time, alleges as said before, every material fact necessary to establish the defendant's liability. It would be undoubtedly sufficient on motion in arrest of judgment, and it is good on a demurrer, which fails to specifically object to the omission now complained of in the argument, admitting that a copy of the bond is required at all, in an action of this kind.

The learned counsel for the defendant, in arguing that there should be no recovery, because the defendant did not ask the

plaintiff to pay the common creditor and that the plaintiff's main motive in paying the money was to save himself from loss, overlook the principle on which the right to contribution rests.   The plaintiff's liability for the whole debt, and not the defendant's wishes in the matter, created the right and the duty to pay it.   If there were any circumstances of peculiar hardship to the plaintiff, resulting from the creditor's election of remedy, as it is alleged in the statement there were, these would certainly not detract from the plaintiff's equities.   It illy becomes his indifferent co-obligor to set up as a defense the fact, that the plaintiff was forced to pay the debt of both, in order to save his, the plaintiff's, real estate from being sacrificed at a judicial sale.

We are asked in behalf of the defendant to assume, because there is no express averment in the statement on the subject, that he had no interest in the real estate which he joined in mortgaging, and that the payment of the mortgage was not in his relief.   The natural and reasonable presumption in a case like the present is that each mortgagor has an interest in the land, which continues until the contrary appears or is at least alleged.   If he has none, why should he join in the conveyance ?   We are also of the opinion that prima facie the payment of the mortgage debt by one of several mortgagors is for the benefit of all.   These related presumptions are in accord with common sense, the well known business methods of mankind and the ordinary results of human action, and they should stand until facts are averred which render them inapplicable.   If in the present case they were displaced by circumstances, the defendant could and should have set up such circumstances in an affidavit of defense.   His choosing not to do so may be deemed as conclusive that they did not exist.

Seeing no error in the record, the judgment is affirmed.

CONCURRING OPINION BY SMITH, J., July 23, 1897:

Under the procedure act of 1887, section 3, the declaration, in assumpsit and trespass, " shall consist of a concise statement of the plaintiff's demand, as provided by the fifth section of the act of March 21, 1806 ; " that is to say, a statement of the demand " particularly specifying the date of the promise, book account, note, bond, penal or single bill, or all or any of them, on which the demand is founded, and the whole amount that

he, she or they believe is justly due to him, her or them from the defendant." In actions founded on notes, contracts or book entries, copies of these must accompany the declaration; in actions founded on the record of any court within the county, or involving any instrument of writing recorded in the county, " a particular reference " to such record is sufficient in lieu of a copy.

A declaration may be demurred to only for lack of these essentials. If it omits any requisite of the right to recover, it falls short of a statement of the plaintiff's demand. If, however, it fully exhibits a cause of action, embracing the specifications of date and amount required by the act of 1806, and is accompanied with the copies of notes, etc., and the references to records, required by the act of 1887, nothing more is necessary. The only question here is whether these requirements are substantially met.

The declaration sets forth that five persons named, including the plaintiff and the defendant, gave their bond and mortgage, dated February 10, 1887, to Valentine Baker, for the payment of $1,000 on December 5, 1889, with interest from December 5, 1886 ; that this debt was wholly paid by the plaintiff on April 5, 1894; that one fifth thereof, being $238.12, with interest from date of payment, is justly due from the defendant to the plaintiff ; and that the action is brought to recover the same. Aside from the question whether it should be accompanied with a copy of the bond, it exhibits a complete cause of action, both at common law and under the statutory provisions, in a claim for money paid for the use of the defendant; since the joint obligation which it avers imports the right to contribution on which the action is based.

The first cause assigned for demurrer is in effect but a general demurrer, and the record shows nothing sufficient to sustain it. The other causes, specially assigned, have nothing to operate on. They relate to the omission of unnecessary averments. It is not material whether the defendant had any interest in the land mortgaged, or whether any of his property was relieved by the payment made by the plaintiff. It is sufficient that the payment relieved him from further liability to the creditor. Had the mortgaged property belonged wholly to the plaintiff, the situation would in legal effect have been the same as if the

creditor, instead of proceeding on the mortgage, had recovered judgment on the bond and levied on the land or on the plaintiff's personal property; in that event there could be no question of the plaintiff's right, on payment of the judgment, to contribution from the defendant. The recital, in the declaration, of the proceedings that led to payment, is unnecessary, and may be treated as surplusage; it is no more than a statement of the evidence by which payment is to be shown. The only essential matter is the fact of payment by the plaintiff of that portion of the debt that should have been paid by the defendant; whether paid with or without legal process is immaterial.

It is by no means clear that, under the procedure act of 1887, a copy of the bond should have accompanied the declaration. There are sufficient references to the record of the mortgage, and of the judgment recovered thereon, though neither of these created any personal liability on the part of the defendant. It does not appear that the bond was given to the plaintiff or that it was held by him when the action was brought, and though he could have demanded its surrender upon payment of the debt, yet being a joint obligation its possession would not raise a presumption of payment of the whole by him: Craig v. Craig, 3 Rawle, 472. The action is not founded directly on the bond, but is for money paid to the defendant's use, and is based on the payment made by the plaintiff, and his right to reimbursement by the defendant to the extent of one fifth of the debt thus paid. The bond enters into the case only collaterally, as matter of inducement, and it was not necessary, in pleading, to make profert of it. As to specialties, the copy required by the act of 1887, with the references to recorded instruments in lieu of a copy, may be viewed as equivalent to profert, and should perhaps be required only when the action is so directly founded on the originals as, independently of the statute, to require profert. But since the absence of a copy of the bond in this case is not assigned as cause for demurrer, it is unnecessary to decide the questions suggested by its omission. The demurrer was properly overruled, and the judgment should be affirmed.