The opinion of the court was delivered by
Tilghman, C. J.
The case depends on the act “directing sheriffs and coroners to give sufficient sureties for the faithful execution of their official duties, &c., passed the 28th of March, 1803. (4 Sm. L. 45.) This act directs (sect. 1.) that the sheriff of each county, before he shall be commissioned, or execute any of the duties of his office, shall enter into a recognizance and become bound in an obligation, with at least two sufficient sureties, in the sums and manner thereinafter directed. And in the fourth section, on which this question arises, it is enacted as follows; “ All the lands, tenements, and hereditaments, which such sheriffs, coroners, and their sureties shall possess, or be intitled to, in every county within this commonwealth, shall be bound by a recognizance, taken in manner aforesaid, as effectually as a judg *340 ment to the same amount, in the Court of Common Pleas of all the counties aforesaid, might or could now bind the same.” The mode of maintaining an action on such recognizances and bonds was then prescribed, after which there is a proviso,u that such suit or suits, against such sureties, their heirs, executors, and ad-. ministrators, shall not be sustained by any court of this commonwealth, unless the same shall be instituted within five years after the date of such obligation or recognizance.” If no suit can be maintained on the recognizance, its lien is gone; because a lien, with no means of enforcing it, would be fruitless. According to the words of the law, no suit can be maintained, unless instituted within five years front the date. But it is contended, that the bond and recognizance are but one security; and a suit on one, keeps alive the lien of the other, in the present instance, there are the same sureties in the bond and recognizance; but iheplaintiffs’ case is not strengthened by that accidental circumstance; because the law does not require that the sureties should be the same. It may well be supposed, that many persons would consent to become bound in a bond, who would be afraid of a recognizance ; because it would embarrass the alienation of any of their real property in any part of the state. The proviso was intended for the protection of sureties, and to encourage people to become sureties for sheriffs ; and, therefore, should not be strained against them, in its construction. When it is said, “ that no suit shall be maintained, unless it be instituted within five years after the date of such obligation or recognizance, it is to be construed, reddendo singula singulis — no suit on the bond, unless brought within five years from its date, nor any on the recognizance, unless brought within five years from its date. This is the plain and natural construction. Nor does it bear hard upon those who have an interest in the security given by the sheriff; because actions may be instituted both on the bond and recognizance at the same time, and prosecuted to judgment and execution until satisfaction be obtained. It is the opinion of the court, therefore, that the lien of the recognizance, in this case, was gone ; no action having been instituted on it within five years after its date.
The judgment of the court of Common Pleas is to be affirmed.
Judgment affirmed.