ELIJAH CRANE, Sheriff, *versus* PETER KEATING
*et al.*

In this State an action of debt will not lie upon a bail-bond; the proper remedy is a
writ of *scire facias.*

DEBT on a bail-bond, taken on mesne process, in a civil
action triable before a justice of the peace. The defendant
filed a plea, to which the plaintiff demurred ; but the ques-
tion upon which the case was determined, namely, whether
an action of debt will lie on a bail-bond, arose upon the suf-
ficiency of the declaration.

*Metcalf* and *Gourgas,* for the plaintiff, contended that debt          *Oct.* 31st
lies on a bail-bond at common law ; and that our statutes
giving a remedy by *scire facias,* being in the affirmative, are
merely cumulative. *Bean* v. *Parker,* 17 Mass. R. 602 ;
*Lane* v. *Smith,* 2 Pick. 281 ;· 2 Inst. 448, 469, 472 ; *Ward*
v. *Griffith,* 1 Ld. Raym. 83 ; *Milner* v. *Petit,* ibid. 720 ;
*Fisher* v. *Branscombe,* 7 T. R. 355 ; Bac. Abr. *Bail in
Civil Causes, D* ; *Lardner* v. *Bassage,* 2 H. Bl. 593 ; 2
Sellon's Pr. 56 ; *Fletcher* v. *Aingell,* 2 H. Bl. 117 ; Bac.
Abr. *Statute, G* ; Plowd. 113 ; *M'Rae* v. *Mattoon,* 10 Pick.
49 ; *Commonwealth* v. *Green,* 12 Mass. R. 2.

*Churchill* and *Richardson, contrà,* insisted that in this
commonwealth the only remedy upon a bail-bond is a writ of
*scire facias.* Ancient Charters &c., 51, 193, 259, 379 ,
*St.* 1784, *c.* 10 ; *St.* 1803, *c.* 132 ; *Sparhawk* v. *Bartlett,*
2 Mass. R. 188 ; *Champion* v. *Noyes,* ibid. 481 ; *Peirce* v.
*Read,* 2 N. Hampsh. R. 359.

The opinion of the Court was afterwards drawn up by

SHAW C. J. This being an action of debt in the name
of the sheriff of this county against the defendant, upon a
bail-bond in common form, given by the defendant upon
mesne process, in a civil action returnable before a justice of
the peace, it brings distinctly before the Court for its decis-
ion, a question which has often been suggested but never,
we believe, decided, whether under the existing laws of this
commonwealth an action of debt will lie on a bail-bond. In

Crane
*v.*
Keating.

*Lane* v. *Smith*, 2 Pick. 281, the Court expressly declined deciding the general question, but held that if an action of debt would lie, it would be controlled by the same limitations prescribed by the statute for a writ of *scire facias*  In the more recent case of *M'Rae* v. *Mattoon*, 10 Pick. 49, it was stated as a very doubtful point, whether the common law remedy by action of debt on a bail-bond was virtually taken away by the statute regulating bail.  But neither of these cases rendered it necessary to give a judgment upon the point in question.  The point has been alluded to in some other similar cases, not requiring a decision of this question.

In the first place, we think this is an action of first impression, and no instance is known in which the action has been sustained in this commonwealth.  We think that except the general principle of the common law, that a party arrested in a civil action is entitled to bail, the whole subject, embracing the duties and obligations of principal and bail, and the rights of creditors, has been from the earliest period of our government, regulated by statute.  The bail-bond taken pursuant to our laws, is in effect a creature of statute ; and when an obligation is once ascertained to be a bail-bond, its force and effect are to be ascertained much more by the statute provisions on the subject, than by the particular words used in the condition.

The present law upon the subject is regulated by an early revised statute embracing substantially the same rules which had been established by the colony and province laws.  *St.* 1784, *c.* 10.  It is only necessary here to allude to the well known distinction in England, between bail to the sheriff or bail below, and bail to the action or bail above, and the very different course of proceeding applicable to the two cases, upon a breach of condition.  On the bail-bond to the sheriff, an action of debt may be maintained by the sheriff in his own name, because he is substantially interested in the bond, he being compellable, if required, to produce the body of the defendant, and the bail-bond being taken for his indemnity.

Debt will lie on the recognizance of bail taken in court, because it is  a direct obligation to the creditor and party

in interest ; and because the privileges of bail are regulated rather by rules of court, than by positive law, and can as well be secured to them in this form of action as on *scire facias.*

And on the bail-bond to the sheriff, an action may be maintained by the creditor in his own name as assignee, by force of a special statute to that effect. But it depends upon the will of the creditor, whether he will accept an assignment of the bail-bond, and discharge the sheriff from further liability, or proceed against the sheriff, and leave him to his indemnity on the bond.

But none of these reasons apply to the bail-bond to the sheriff, pursuant to the statute of this commonwealth. By force of the statute the bond given to the sheriff is ordinarily the only bail to the action taken, and the sureties on the bond to the sheriff take upon themselves all the obligations of both bail below and bail above, so that if the principal ultimately avoids, the bail are liable for the debt. The bond taken by the officer, although returned and filed with his writ, is not strictly a record ; and therefore it is obvious, that the writ of *scire facias*, which the plaintiff may confessedly maintain upon it, must lie wholly by force of the statute, and not by the common law, which gives a *scire facias* only upon some record.

The statute provides, (§ 2,) that when the principal shall avoid &c., the judgment creditor shall be entitled to his writ of *scire facias* from the same court against the bail ; with several provisions, giving the bail the right, under certain limitations, to surrender their principal and obtain a discharge. It further provides, (§ 3,) that no *scire facias* shall be served upon the bail, unless within one year after final judgment against the principal.

It has already been held, in the cases cited of *Lane v. Smith* and *M'Rae v. Mattoon*, that it must be taken as the true construction of this statute, and the clear intention of the legislature, that no action or judicial proceeding of any kind should be instituted against the bail, after a period of one year from final judgment in the suit in which the bail was taken. And the reasons of convenience and fitness for

29 *

maintaining this limitation and giving it a reasonable and liberal construction for the security of bail, are strong and conclusive. But as the statute prescribes this limitation only to the suit at *scire facias*, it affords a strong inference that no other form of action was contemplated by the legislature, and if any other had previously existed, it was tacitly superseded by these provisions taken together.

Further, if the action of debt is to be sustained in the name of the sheriff, it will involve the consequence, that a mere executive officer, performing temporarily an official function, and who has no interest in the subject matter of the penalty of the bond, may bring an action *ex mero motu*, without any application from the creditor, whenever he happens to find that there has been a formal or technical breach of the bond ; and he may in like manner withhold authority to sue in his name, when the reasons for permitting it, at the instance of the creditor, are ever so cogent. Where one is authorized or required to take an obligation to himself, obviously for the use and benefit of another, and no mode of proceeding upon it is prescribed, it may well be inferred, that it was the intention of the legislature, that the obligee should be deemed a trustee for the party beneficially interested, and be liable accordingly. But we think no such inference can be fairly drawn when the statute does provide a legal remedy for the party beneficially interested, with the restrictions and limitations suited to the relations and the just rights of the real parties. This is done by the statute in question, by making it the duty of the officer to return the bail-bond into court for the use of the creditor, or to deliver it over to him, and by giving to such creditor an ample and suitable remedy in his own name.

This point has been expressly decided in New Hampshire, where the provisions of the statute and the mode of taking bail appear to be nearly if not precisely the same as our own. *Pierce* v. *Read*, 2 N. Hampsh. R. 359.

Considering that the whole subject of the giving and taking of bail in civil actions is founded on statute, limited, regulated and controlled by it, that a bail-bond partakes very little of the nature of a contract between the parties in whose

names it is taken, but is rather a legal proceeding in the course of justice, the effect of which is regulated by statute, that the statute gives an ample legal remedy to the only party in interest, and nowhere intimates that it may be the ground of an action of debt, but the contrary is strongly implied from all the provisions respecting it, we think it would be going too far to hold, that an action of debt would lie in the name of the sheriff, merely on the ground that the formal words of a writing obligatory are used in the instrument. This conclusion is much strengthened by the consideration, that, as far as is known, no such action has been maintained, at least since the passing of the statute.