## COMMONWEALTH *v.* RHOADS.

Under the act of 1783, a writ of error and not an appeal lies to a judgment of the
Common Pleas on a forfeited recognisance. The appeal provided by that act,
lies only to the orders of the court on applications to remit or moderate the for-
feiture. Hence an appeal taken from the judgment, assigning errors in the
proceedings, and also that the court should have remitted the forfeiture where
the record did not show such an application was made to the court below, was
quashed.

APPEAL from the Common Pleas of Philadelphia.

*Jan.* 17. This was an action of debt brought to December Term,
1845, on a recognisance of bail taken by the Recorder of the city
of Philadelphia, in July, 1845, to answer in the Quarter Sessions
a charge of a conspiracy to cheat and defraud; which recognisance
had been forfeited by non-appearance. Judgment on the verdict
was entered in June, 1846, and this appeal taken. Beside the
errors assigned in the record and bill of exceptions, there were
two, alleging the judgment to have been immoderate, under the
circumstances of the case, and that the court below should have
remitted the recognisance. But it did not appear, from the record,
that any application to remit had been made in the court below.

*E. Ingersoll* now moved to quash the appeal, because it was
taken to the proceedings at law, on the recognisance, the remedy
being by writ of error.

*V. L. Bradford*, contrà.—By the act of 1783, these recogni-
sances are to be sued in the Common Pleas; and that court and
the Quarter Sessions are empowered to order the recognisances to
be levied, moderated, or remitted, in their discretion; with a pro-
viso, allowing appeals to this court, "from such orders and judg-
ments." The statute, therefore, points out the remedy, which
we are not at liberty to depart from.

*Jan.* 27. GIBSON, C. J.—There is no such thing as an appeal from
a judgment in an action, according to the course of the common
law, which is not given by statute; and this appeal has brought up
the record of an action of debt for the penalty of a recognisance
forfeited in the Quarter Sessions, and sued in the Common Pleas.
The appellant relies on the second section of the act of 1783, which
declares such recognisances to be recoverable in the Common Pleas;
"which courts" (the Common Pleas and Quarter Sessions) "may,
and are hereby empowered to, order the said recognisance to be

levied, moderated, or remitted, on hearing the facts and circumstances of the case, according to equity and their legal discretion." Perhaps either court may entertain the petition, but not at the trial. The abatement or remission of the penalty would have been more appropriately the act of the court in which the recognisance was forfeited; but the statute is peremptory. But from the order of either court there is an appeal. When that has been disposed of, or when the time has elapsed without an appeal, the recognisance may be sued in the Common Pleas for the sum fixed by the order, or for the amount of the penalty. At the date of the statute, an action of debt could be brought only for a specific sum, and that sum was consequently intended to be liquidated, where there was a petition to remit or abate, before the impetration of the writ. The petitioner, or perhaps the commonwealth, has an appeal to the Supreme Court from the order; but if he file no petition, or do not appeal in time, he waives his right, and the attorney-general, or the proper officer of the county, may proceed. If action be brought pending the appeal, its pendency may be pleaded in abatement of the writ. This course is plain, simple, and consistent; while it would be impossible, without inextricable confusion, to jumble together the petition to abate or remit, and the common-law proceeding by action for the entire penalty.

Appeal quashed.