## Bodine *versus* The Commonwealth.

24　　69
30 SC ²366
30 SC　367

1. A recognisance taken in term time before the clerk of the Court of Quarter Sessions for the appearance, at the next Sessions, of a party charged therein with passing counterfeit money, is presumed to have been taken by the direction of the Court; and such presumption is not negatived by the words "Taken and acknowledged *before me*" and signed by the clerk.

2. The remedy on such a recognisance may be either by *scire facias* in the Common Pleas or by action of debt.

ERROR to the Common Pleas of *Venango county*.

This was a *scire facias* in the name of The Commonwealth of Pennsylvania *v*. Isaac Bodine, on the recognisance of Titus Losey and himself, for the appearance, at the April sessions, 1853, of the Court of Quarter Sessions of Venango County, of Losey, who was charged with passing counterfeit money.

Losey was arrested on the second day of the January sessions; and, on motion of his counsel, the case was continued 'till the *April* sessions. The docket entry was, *inter alia*, as follows:—

29th April, 1853. Jury came into Court, whereupon defendant was called to appear, and not answering, his recognisance was forfeited, Isaac Bodine, the bail, having been called to produce the body of defendant, and not doing so, his recognisance was forfeited; whereupon the jury was discharged—*Per Curiam*.

26th January, 1853. Titus Losey and Isaac Bodine, each *tent* in the sum of eight hundred dollars, conditioned that Titus Losey appear at the next Court of Quarter Sessions, to answer, &c. *Taken and acknowledged before me, 26th April*, 1853.

A. COCHRAN, Clerk.

In the *scire facias* it was declared, that Losey and Bodine, on the 26th January, 1853, entered into a recognisance, conditioned that the said Titus Losey appear at the next Court of Quarter Sessions, &c., there to answer a charge or indictment against Losey for passing counterfeit money, &c., "which he hath not done." It was not alleged that the recognisance was *forfeited*.

On the trial the docket entry of the recognisance in the sessions docket was received in evidence, under objection.

On the part of the *defendant* it was offered to prove, that the verdict brought in by the jury was one of "not guilty;" and that it was on file. The offer was overruled.

The Court directed a verdict for the plaintiff.

It was assigned for error: 1. The Court erred in entering judgment for the Commonwealth on the plea of *nul tiel record*, as the recognisance was taken by the clerk of the sessions, he having no authority to take bail, bind over, or commit; nor was said

[Bodine *v.* The Commonwealth.]

clerk authorized to take such recognisance by the Court; hence, it is void and of no effect. 2. In admitting the docket entry of the Quarter Sessions to be given in evidence by the plaintiff, to support this *scire facias*. 3. In their charge to the jury, directing a judgment for the Commonwealth, as the writ of *scire facias* set forth no liability on the part of the defendant, Isaac Bodine.

*Wilson*, for plaintiff in error.—It was alleged that there was no proceeding certified from the Quarter Sessions to support the *sci. fa.*: 2 *Yeates* 532, Baker *v.* Field; 6 *Ser. & R.* 573–4; 4 *Wend.* 387; 3 *U. S. Dig.* 325. If the docket entry in the Quarter Sessions be a proper foundation for a *sci. fa.* in the Common Pleas, without an exemplified copy of it being filed in the Common Pleas, it appeared that the recognisance in this case was taken by the clerk, and he had no judicial authority to take it: 3 *Harris* 273; 7 *Barr* 109. Also, that it did not appear from the record that the Court directed Losey to enter into recognisance or fixed its amount.

It was further alleged, that the Quarter Sessions docket was not admissible in evidence, as it was the record of another Court. That debt was the proper remedy, was cited *Com. Dig.* a. 2; *Chit. Pl.* 100; *Saunders on Pl. & Ev.* 755.

3. The *scire facias* did not set out any liability on the part of Bodine to do any act, and did not state any forfeiture.

*McCalmont*, with whom were *McCormick*, *Kerr*, and *Allison*.— The prisoner, in open Court, was ordered to give security; and the recognisance was taken in open Court.

The record made by the clerk is only *evidence* of the recognisance and forfeiture, and the Court may direct any improper additions to be struck off: 3 *Harris* 276. As the Court was in session, the presumption is, that the recognisance was taken by its direction.

2. A recognisance is a matter of record. The process upon it is judicial in its character, and is not to be considered as a suit any further than the defendant may plead to it; and when final judgment is given, the whole is considered as one record: 8 *Ser. & R.* 155; 3 *Dallas* 475. It has not been the practice in this state to file in the Common Pleas an exemplified copy of the recognisance in the sessions in order to support an action of debt; but the docket entry or record from the Quarter Sessions has been admitted in evidence. The record of the recognisance cannot be transferred from the Quarter Sessions so as to become a record of the Common Pleas. The recognisance must be filed or made a record of *a* Court in order to sustain a suit upon it; but it need not be of the Court where the suit is brought: 4 *Wend.* 387. An

exemplification would only be evidence of the record, and the record itself is better evidence.

3. The existence of the record was admitted by the plea of *payment*, and it was not objected to on the ground of variance between the recognisance and *scire facias*. But there was no material variance; it was not necessary to set out the forfeiture, as the record was not the forfeiture but only the evidence of it: 3 *Harris* 276.

The opinion of the Court was delivered by

WOODWARD, J.—The plea of *nul tiel record* was sustained if the recognisance was void. But why was it void? Because, says the plaintiff in error, it was taken by the clerk of the sessions, who had no power to admit to bail. But the record shows that it was taken in term time, and we presume it to have been the act of the Court—the clerk being their instrument only. *Omnia præsumuntur rite esse acta.* Nor do the words "taken and acknowledged before me," and signed by the clerk, negative this presumption, for they were unnecessary words, and may be rejected as surplusage. The Court of Quarter Sessions had power to admit to bail; the recognisance taken was their act, and not the clerk's, and therefore it was valid and not void.

The second error assigned is intended to raise the question whether *scire facias* in the Common Pleas is the remedy on a recognisance taken in the Quarter Sessions. The 2d section of the Act of 2d December, 1783, and the 2d section of the Act of 30th March, 1821, (*Brightly's Purdon* 375,) confer jurisdiction upon the Common Pleas over forfeited recognisances, but do not prescribe the form of action to be brought. Debt has generally been the action adopted, but in some parts of the state we are told the *scire facias* has uniformly been employed. We are of opinion that either action will lie. Of the two actions perhaps the *scire facias* is most appropriate, for the recognisance is matter of record, is in the nature of a judgment, and the process upon it is for the purpose of carrying it into execution, and is rather *judicial* than *original*. It is no further to be reckoned an original suit than that the defendant has a right to plead to it. It is founded upon the recognisance, and, partaking of its nature, must be considered as flowing from it; and when final judgment shall be given the whole is to be taken as one record: Cobbet's case, 2 *Yeates* 362. Chitty, in his excellent work on Pleading, vol. 1, p. 100, citing Tidd's Practice, expresses preference for the *scire facias* in these words: "Debt is sometimes brought upon a recognisance of bail, but the remedy thereon is more frequently by *scire facias*, because in the latter the proceeding is more expeditious, and the bail have less opportunity of discharging themselves by rendering their principal."

[Bodine *v*. The Commonwealth.]

The incongruity alleged of maintaining *scire facias* in one Court on a record remaining in another is answered by our Act of 24th March, 1818, which requires all forfeited recognisances to be estreated into the commissioner's office for the purpose of being sued in the Common Pleas, if not otherwise collected. And even without this Act, the record of the Quarter Sessions, *sub pede sigilli*, would answer a plea of *nul tiel record* when pleaded to a *scire facias*, just as effectually as when pleaded to an action of debt. In both instances the action is founded on matter of record, and the evidence that would prove the record in the action of debt is competent to establish it in *scire facias*.

The *forfeiture* of the recognisance in this instance is not denied, and seeing that it was taken by competent authority and well sued, the Court were right in directing a judgment for the Commonwealth, and it is accordingly affirmed.

Judgment affirmed.