## Commonwealth *v.* Brown.

*Assignment for creditors—Surety on bond of assignee—Debtor's exemption—Act of April* 9, 1849, *P. L.* 533.

A surety on a bond given by an assignee for benefit of creditors is entitled under the Act of April 9, 1849, P. L. 533, to $300 exemption, on an execution against himself and cosureties issued on a judgment entered in suit on the assignee's bond, brought on default of the assignee to pay out moneys in his hands after distribution by an auditor has been confirmed by the court. In such a case after default by the assignee the relation between the creditors of the estate and the sureties is one of contract within the meaning of the exemption act. The tort of the assignee does not affect the right of the surety to the benefit of the exemption.

Argued May 6, 1901. Appeal, No. 90, April T., 1901, by John Dorn, from order of C. P. Indiana Co., March T., 1900, No. 48, setting aside appraisement of personal property for exemption, in case of Commonwealth at the suggestion of the First

National Bank of Indiana and J. A. C. Ruffner for use of W. S. Byers v. C. W. Brown, H. W. Brown, John Hill, John Dorn and Alex S. Work. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Motion to set aside appraisement of personal property for exemption. Before BARKER, P. J.

From the record it appeared that T. B. Allison made an assignment for the benefit of creditors to W. C. Brown. Brown entered a bond on which John Dorn was one of the sureties. Brown filed his final account as assignee, and J. A. C. Ruffner was appointed auditor. The auditor filed a report awarding distribution, and this report was confirmed by the court. Ruffner's fee was not paid, and he brought suit on the bond. Dorn claimed the benefit of the $300 exemption law. Dorn's property was appraised for exemption, but subsequently the court in an opinion by BARKER, P. J., specially presiding, set aside the appraisement.

*Error assigned* was the order of the court.

*J. N. Banks*, for appellant.—It is not necessary that the contract be made directly with the person by whom or for whose use suit is brought; nor is it essential that there be any actual contract; it may be implied: Taylor's Est., 9 Pa. C. C. Rep. 293; Lane v. Baker, 2 Grant, 424; Bradley v. West Chester Street Ry. Co., 160 Pa. 72.

Under an execution issued on a judgment obtained against the garnishee, in an attachment execution, the garnishee is entitled to the benefit of the $300 exemption, under the act of 1849: Fisher v. Elliott, 11 Phila. 344; Hubbard v. Kendall, 12 W. N. C. 322; Strouse v. Becker, 38 Pa. 190.

There is nothing in the present case to show that Dorn, whose property has been levied upon, has done anything to defeat his right to claim the benefit of exemption. The fraud that will prevent a defendant from claiming the benefit of exemption must exist in the transaction in which the levy is made. If the fraud is independent of the levy, or by a joint debtor, it will not be a bar to the defendant against whom the levy is made: Emerson v. Smith, 51 Pa. 91; Huey's Appeal, 29 Pa. 219; Imhoff's Appeal, 119 Pa. 350.

*E. Walker Smith*, with him *J. A. C. Ruffner*, for appellee.—
The sureties of an assignee for the benefit of creditors stand in
no better position than does their principal. The measure of
his responsibility is the measure of theirs: Patterson's Appeal,
48 Pa. 342; Hutchinson v. Com., 6 Pa. 125; Irvin v. Tennessee,
6 Lea, 588.

That in fifty-one years no case involving the question now
raised has reached the appellate courts of this state, argues
that, with the exception of the counsel for the appellant, the
profession has not regarded judgments recovered on statutory
bonds as obtained upon contract within the meaning of the act
of 1849.

A claim for exemption, under the act of April 9, 1849, can-
not be maintained against an execution on a judgment, upon a
bond given in replevin for goods distrained for rent.

A constable against whom an execution is issued upon a
judgment obtained for official misconduct or negligence is not
entitled to the benefit of the exemption laws: Kirkpatrick v.
White, 29 Pa. 176.

The exemption cannot be claimed against mechanics' liens:
Lauck's Appeal, 24 Pa. 426.

The exemption cannot be claimed against a mortgage: Gang-
were's Appeal, 36 Pa. 466–469.

The exemption does not extend to persons the subject of
foreign attachment: McCarthy's Appeal, 68 Pa. 217.

A defaulting administrator cannot claim the exemption:
Woods's Estate, 7 W. N. C. 84.

The exemption cannot be claimed by sureties on interpleader
bond: Lorenz v. Wright, Sheriff, 6 W. N. C. 539.

The exemption is not allowed in an action of fraud and de-
ceit: Edwards v. Mahon, 5 Phila. 531.


OPINION BY BEAVER, J., July 25, 1901:

The obligation assumed by the surety upon an assignee's
bond is an agreement on his part that the assignee will "faith-
fully execute the trust confided to him." This is unquestion-
ably in the nature of a contract and is so regarded by the court
below. Whether the promise to indemnify against contingent
loss from the default of the assignee is original or collateral or
whether the consideration moving the surety is between him

and his principal or between him and those who are to be secured against the default of the principal by him is of little consequence in the present case. The surety contracts to hold all who are or may become interested in the estate harmless from or by reason of the default of the assignee. Whilst it may be true, as said by the court below, that "neither the plaintiff nor any other creditor of the assignor was a party to it nor had they any knowledge of it or anything to do with it" in the sense that they were not present when the bond was executed and did not give conscious consent to its terms nor approval of the sureties as such, it is, nevertheless, true that they were represented in the act of approval by the court, and by that approval each and every one of them became interested in the bond and had a right to pursue each of the sureties thereto. Although not consciously assenting to the contract of suretyship made when the bond was approved, they accepted it and assented to all that was therein contained, when any of them attempted to pursue the sureties for the default of the assignee. Then, if never before, the mind of any one interested in the estate, whether as a creditor at the time or as one who rendered service subsequently, as did the use plaintiff in the present case, met the mind of the surety, and the contract became in all respects complete. The liability of the surety depended upon a contingency and the right to use the bond for the purpose of securing compensation for his services by the plaintiff was also contingent upon the failure of the assignee to make proper compensation for the services to which he was entitled, but, when the contingency happened and the use plaintiff endeavored to use the bond, all the elements of a complete contract were present and the rules which govern in the enforcement of ordinary contracts would apply.

This being so, we are at a loss to understand why the surety in this case, who claimed the benefit of the Act of April 9, 1849, P. L. 533, exempting property to the value of $300 from levy and sale on execution, issued upon any judgment obtained upon contract, and distress for rent, should not be allowed to make good his claim. The court below properly distinguished between the assignee himself and his surety and said: "The assignee could not have claimed the benefit of the exemp-

tion law, if the execution had been issued against him, although that of itself might not control the question of the right of a surety to do so." The distinction thus intimated rests upon substantial grounds. The default of the assignee is in the nature of a tort and, if there be bad faith on his part, this of itself would deprive him of the benefits of the exemption act. The surety, however, does not stand in the same relation to creditors of the assigned estate and, although called upon to make good the default of another arising out of a presumable breach of faith, he is not in anywise tainted therewith and should not be visited with any of the penalties which may justly be imposed upon the assignee.

Reduced to its last analysis, the use plaintiff brings his suit against the surety of the assignee for services rendered in the matter of the assigned estate, after the bond was given. Admit that the services were rendered upon the faith of the bond. If so, the contract was made when the services were rendered and this would be the legal presumption; but, even if there were no conscious acceptance of the appellant's suretyship at that time, the contract surely became in every sense complete, when he attempted to enforce the provisions of the bond. We are, therefore, of opinion that the appellant was legally entitled to the benefit of the exemption law and the appraisement made by the sheriff, if in other respects regular and unexceptionable, should have been confirmed. The decree of the court below, setting aside the appraisement of personal property set apart for John Dorn, the appellant, is, therefore, reversed and a procedendo awarded.

ORLADY, J., dissents.