## Commonwealth *v.* Gray, Appellant.

*Evidence—Record—Parol evidence—Recognizance.*

A recognizance is a debt of record, and cannot be impeached by parol evidence that it was not regularly acknowledged.

Argued May 2, 1904. Appeal, No. 36, April T., 1904, by defendant, from order of C. P. Cambria Co., Dec. T., 1902, No. 54, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Commonwealth to use of

Cambria County v. Joseph A. Gray. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur recognizance.

An affidavit of defense was filed which averred that the recognizance was invalid because it was taken by one purporting to be a deputy clerk of the court of quarter sessions in the Ebensburg jail, and not in open court or in the presence of the clerk thereof, in vacation, and without legal authority on the part of the deputy to take the same.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*W. Horace Rose*, with him *F. A. Shoemaker* and *Forest & Percy Allen Rose*, for appellant.—The power to admit to bail and take recognizance being entirely a statutory regulation and a judicial act, our contention is that no other person than the officer or persons enumerated in the act can discharge the duty and perform an act valid and binding in law.

*P. J. Little*, with him *M. B. Stephens*, district attorney, for appellee.—Parol testimony cannot be given to vary or contradict a record: Brooks v. Mayor, etc., 32 N. Y. St. Repr. 559 (10 N. Y. Supp. 773); Hard v. Shipman, 6 Barb. (N. Y.) 621; Mitchell v. Insley, 33 Kansas, 654 (7 Pac. Repr. 201); Adams v. Betz, 1 Watts, 425.

OPINION BY HENDERSON, J., July 28, 1904:

This is a scire facias sur recognizance of bail. The recognizance is in the usual form. Its execution by the defendant is not denied nor the averment that the forfeiture was regularly taken and entered of record on default of the recognizors. The record shows an acknowledgment before the clerk of the courts. A plea of nul tiel record would not avail the defendant and by this test his liability must be determined. The proposition contained in the affidavit of defense is to impeach the record by parol evidence. This cannot be done. It is un-

necessary to cite authorities in support of the rule that a record imports absolute verity and cannot be contradicted by parol evidence.

A recognizance is a debt of record in the nature of a conditional judgment. By a forfeiture regularly entered of record the liability of the recognizors becomes absolute :    Respublica v. Cobbett, 3 Dall. 467.

" The entry of the forfeiture of the recognizance stands for proof of all the steps necessary to complete the forfeiture : " Fox, Admr., v. Commonwealth, 81* Pa. 511 ; Everything is presumed to be correctly done in courts of justice. The defendant cannot be heard in his offer to attack the record by showing that the recognizance was not regularly acknowledged : Furst & McCormick v. Ayers, 2 W. N. C. 722.

In thus disposing of the case we need not consider the extended argument bearing upon the authority of the deputy clerk to take the acknowledgment of a recognizance.

The judgment is affirmed.