## Commonwealth to use *v.* Savage, Appellant.

*Execution—Exemption—Forfeited recognizance—Act of April 9, 1849, P. L. 533.*

The exemption Act of April 9, 1849, P. L. 533, does not include an execution issued on a forfeited recognizance, and this is the case although the judgment may have been obtained in an action of assumpsit on the bond.

Argued Jan. 10, 1906. Appeal, No. 48, Jan. T., 1906, by defendant, from order of C. P. Luzerne Co., June T., 1904, No. 109, making absolute rule to set aside claim for exemption and appraisement in case of Commonwealth to use of Wilkes-Barre Law & Library Association v. Adam Savage and Anthony Miliauckas. Before RICE, P. J., BEAVER, PORTER, MORRISON, HENDERSON, ORLADY and HEAD, JJ. Affirmed.

Rule to show cause why defendants' claim for exemption and the appraisement thereunder should not be set aside. Before HALSEY, J.

The opinion of the Superior Court states the case.

*Error assigned* was the order making the rule absolute.

*Cormac Francis Bohan,* for appellant.—The act of April 9 1849, is a humane law, and as such is entitled to a liberal construction: Weaver's App., 18 Pa. 307; Com. v. Boyd, 56 Pa. 402.

The judgment is founded upon a recognizance, and the consensus of standard authorities is that a recognizance is a contract of record: 2 Bl. Com. * 465; Com. v. Reynolds, 17 S. & R. 367; Wireman v. Mueller, 18 W. N. C. 84; Com. v. Brown, 17 Pa. Superior Ct. 520; Maloney v. Newton, 85 Ind. 565.

*G. J. Clark,* for appellee.—Wherever a recognizance has been before the courts it has not been treated as a contract: Respublica v. Cobbett, 3 Dallas, 467; McMicken v. Com., 58 Pa. 213; Com. v. Gray, 26 Pa. Superior Ct. 110.

We contend that a recognizance for the appearance of a defendant to answer, etc., in a criminal case "does not contain any element of contract" but is a "debt of record:" Com. v. Dougherty, 8 Phila. 366; Edwards v. Withrow, 6 Pa. C. C. Rep. 13; Com. v. Whiteside, 1 Lanc. Bar. 17.

OPINION BY MORRISON, J., March 12, 1906:

Adam Savage was arrested and held on a charge of attempted robbery. Anthony Miliauckas, the appellant, became bail for his appearance at court in a recognizance duly taken and acknowledged before Wheaton, Judge. Savage failed to appear and the recognizance was duly forfeited.

The present action of assumpsit was brought in the common pleas upon the forfeited recognizance and judgment was obtained against Miliauckas, the surety. Execution being issued thereon, the defendant claimed the benefit of the exemption act. The sheriff allowed the claim and had an appraisement made. Afterwards, on motion of counsel for appellee, the court below set aside the appraisement, holding in an opinion filed, that the exemption act of 1849 did not include a judgment and execution thereon in a forfeited recognizance.

The sole assignment of error is that: "The court erred in making absolute the rule to show cause why the defendant's, Anthony Miliauckas, claim for exemption and the appraisement thereunder, shall not be set aside."

The exemption Act of April 9, 1849, P. L. 533, provides: "That in lieu of the property now exempt by law from levy and sale on execution, issued upon any judgment obtained upon contract and distress for rent, property to the value of $300, . . . . and no more, owned by or in possession of any debtor, shall be exempt from levy and sale on execution or by distress for rent."

A recognizance is a debt of record, entered into before some court, judge or magistrate having authority to take the same: Commonwealth v. Emery, 2 Binney, 431.

"An obligation of record, entered into before a court or officer duly authorized for that purpose, with a condition to do some act required by law, which is therein specified:" 2 Blackstone's Commentaries, * 341.

A forfeited recognizance may be enforced by scire facias—a

writ which lies on a record only. The action may be by scire facias or debt: Bodine v. Commonwealth, 24 Pa. 69.

The judgment in the present case was obtained in an action of assumpsit and on first blush it might seem that the defendant's right of exemption is controlled by the fact that the judgment was obtained in such action. To support this contention the appellant cites Wireman v. Mueller, 18 W. N. C. 84. That was a case decided by Chief Justice MITCHELL while on the common pleas bench in Philadelphia. The action sounded in tort, pure and simple, but the plaintiff waived the tort and recovered judgment in assumpsit and the learned judge held that: "The action being commenced as upon contract, must maintain that character with all its incident throughout." And he further held that the defendant was entitled to his exemption.

In the present case the action does not sound in tort and, in our opinion, the method of suing in assumpsit, instead of by scire facias, waived nothing. The declaration and record clearly show the judgment to have been obtained on a forfeited recognizance, in a criminal case. Therefore, we think there was nothing lost or gained by either party, because the form of action was assumpsit. Actions of debt are now recoverable in assumpsit under the procedure Act of 1887, P. L. 271: Commonwealth v. Meeser, 19 Pa. Superior Ct. 1. We, therefore, have to determine the question raised by the assignment precisely as if the action had been by scire facias.

We have been referred to and have found no decisions of the Supreme or Superior Courts conclusively determining this question. We have examined a number of decisions of the lower courts, and they, generally, hold that a recognizance in a criminal case is not such a contract as is meant by the act of 1849, and that a defendant in a judgment on such a recognizance is not entitled to the exemption provided in said act. So far as we know this has been the general view of the judges and lawyers of this state ever since actions have been maintained upon forfeited recognizances. In view of the peculiar qualities and characteristics of recognizances in criminal cases, we do not think it proper construction to hold that the language of the act of 1849 included such obligations, although it must be conceded that in a sense they are contracts ; however, they are

not such contracts as the legislative mind had in view as indicated by the language of the act.    That a recognizance is a debt of record and that it has qualities very different from an ordinary contract is clearly demonstrated in Commonwealth v. Gray, 26 Pa. Superior Ct. 110.    By a forfeiture regularly entered of record the liability of the recognizors becomes absolute : Republica v. Cobbett, 3 Dallas, 467.

The fact that everything is to be presumed to be correctly done in courts of justice and that the defendant cannot be heard in his offer to attack the record, by showing that the recognizance was not regularly acknowledged, tends strongly to show that it differs from an ordinary contract : Commonwealth v. Gray, 26 Pa. Superior Ct. 110.

In assumpsit, on a common contract, the defendant may always show anything tending to establish that in equity and good conscience the plaintiff ought not to recover.    Not so in an action on a forfeited recognizance.    In Republica v. Cobbet, 2 Yeates, 352, it is said (p. 362) : " Besides, a recognizance is a matter of record ; it is in the nature of a judgment, and the process upon it, whether scire facias or summons, is for the purpose of carrying it into execution, and is rather judicial than original."    See also Bodine v. Commonwealth, 24 Pa. 69.

The appellant cites Commonwealth v. Brown, 17 Pa. Superior Ct. 520, and argues that it is authority on the present question.    But we are unable to see that it has the effect contended for.    It was clearly an action upon a contract.    In 2 Am. & Eng. Ency. of Law (1st ed.), p. 2, it is said : " A recognizance is an obligation of record entered into before some court of record or magistrate, duly authorized, conditioned for the performance of some particular act. . . . To be a recognizance it is essential, not only that the instrument be in writing, but also that it be a matter of record."    See cases cited on same page which hold that a recognizance must be entered of record.    In Crane v. Keating, 30 Mass. 339 it is held : " A bail bond partakes very little of the nature of a contract between the parties in whose name it is taken, but is rather a legal proceeding in the course of justice, the effect of which is regulated by statute."

Upon due consideration of the authorities cited, and others, and the opinion of the learned court below, we are not con-

vinced of the soundness of the appellant's contention, that the judgment against him, upon the forfeited recognizance, is a judgment upon a contract, within the meaning of the act of 1849.

It is reasonable to suppose that the legislature knew the peculiar qualities of a recognizance, and if it was intended to embrace in the act of 1849, such instruments, apt language would have been used for that purpose.

We, therefore, reach the conclusion that the learned judge did not err in setting aside the appraisement. The order of the court is affirmed and the appeal dismissed at the costs of the appellant.