## Commonwealth, to use, *v.* Barrett (et al., Appellant).

Argued April 13, 1931. Before Frazer, C. J., Walling, Simpson, Kephart, Schaffer and Maxey, JJ.

*J. Roy Lilley,* with him *William P. Wilson,* for appellant.—The action in this case was barred by the statute of limitations: Lane v. Smith, 2 Pickering 281.

Under the circumstances, to require appellant to pay more than the costs of the case and proper expenses would be to inflict on it a penalty more severe than could be inflicted on defendant himself.

*E. J. Mullen,* with him *F. W. Meylert,* County Solicitor, and *J. H. Thayer,* District Attorney, for appellees. —By the failure of defendant to renew his recognizance at the March Sessions, 1922, or to appear in court to answer the charge, the forfeiture of the recognizance became absolute, and thereby became a judgment of the Court of Quarter Sessions of Sullivan County: Shriver v. Com., 2 Rawle 206; Com. v. Gray, 26 Pa. Superior Ct.

110; Respublica v. Cobbett, 3 Dall. 467; Roller v. Meredith, 4 Pa. Superior Ct. 461; Bodine v. Com., 24 Pa. 69; Roblin v. Knights of Maccabees, 269 Pa. 139.

Where there is a regular and final forfeiture of a recognizance, the liability of the recognizors is absolutely fixed thereby, and relief should be sought by petition to the court to respite the recognizance under this act: Foulke v. Com., 90 Pa. 257; Com. v. Fogelman, 3 Pa. Superior Ct. 566; Com. v. Oblender, 135 Pa. 530; Com. v. Balsamo, 72 Pa. Superior Ct. 182; Com. v. Nowland, 10 S. & R. 355.

On appeal and certiorari, under the Act of May 9, 1889, P. L. 158, from the refusal of the court of quarter sessions to order the absolute forfeiture of a recognizance to be stricken off, the Supreme Court cannot go behind the record to inquire into the merits of the proceeding: Com. v. Bird, 144 Pa. 194; Com. v. Rhoads, 9 Pa. 488.

OPINION BY MR. JUSTICE SIMPSON, May 11, 1931:

The issues raised on the scire facias sur recognizance in this case were tried by the court below without a jury, upon agreement filed, and resulted in a verdict and judgment for plaintiff. The surety company, defendant, appeals and propounds but two questions: (1) Does the statute of limitations bar the action because brought more than two years after the forfeiture?; and (2) Can the trial court, in a suit on a forfeited recognizance, consider the circumstances of the case, and moderate or remit the forfeiture? The court below gave a negative answer to each of these questions, saying, however, that where it is desired to have a forfeiture moderated or remitted, application must be made by petition as provided by the Act of 1783, infra. With all these conclusions we agree.

In three separate indictments, defendant Barrett was charged with obtaining money under false pretenses. He and the other defendant entered into the three recog-

nizances in suit, conditioned for his appearance at the next court of quarter sessions of the county. The record of each case says that, on November 22, 1921, "defendant being called and not appearing, and his bail being called in open court, defendant's recognizance is forfeited, to be respited on his renewing his bail at or before next term." He did not renew it, and the forfeiture became absolute. The present suit thereon was brought March 9, 1927.

Appellant's first contention is based entirely on the allegation that section 55 of the Act of July 16, 1842, P. L. 374, 389, which amends section 6 of the Act of March 26, 1785, 2 Sm. Laws 299, 300, and section 1 of the Act of February 26, 1845, P. L. 69, which amends the Act of 1842, sustain its view, though the Act of 1785 itself does not aid it. The basis of this latter admission is that the present sci. fa. sur recognizance is not "brought for any forfeiture upon any penal act of assembly"; but appellant alleges that the Acts of 1842 and 1845 "broaden the field covered by the original Act of 1785 so as to include within its terms a recovery upon a forfeited recognizance." No reason whatever is given for this conclusion and we know of none.

Being but amendments, the two later statutes, which do not repeal anything in the earlier act, must be treated as if written into it, for the purpose of determining the scope and effect of the three. If this were done, the result would be a composite statute as follows: "That all actions, suits, bills, indictments or informations which shall be brought for any forfeiture upon any penal act of assembly made or to be made, whereby the forfeiture is or shall be limited to the Commonwealth only [or,— as says the Act of 1842,—"is directed to be paid to the treasurers, or county commissioners, of the respective counties, for the use of the counties respectively"; or,— as says the Act of 1845,—is "payable, either in whole or in part, to the use of the respective counties"], shall hereafter be brought within two years after the offense

was committed, and at no time afterwards." As appellant admits the sci. fa. sur recognizance in the instant case is not a "forfeiture upon any penal act of assembly," it cannot apply to the act as amended, which continues the language stated, and hence, in that respect, does not "broaden the field covered by the original Act of 1785."

Though appellant does not contend that any general or special statute of limitations applies to the case, it may not be out of place to say that it has been expressly decided that none of them does: De Haven v. Bartholomew, 57 Pa. 126; Roller v. Meredith, 4 Pa. Superior Ct. 461.

The other point made by appellant is equally without merit. While by section 2 of the Act of December 9, 1783, 2 Sm. Laws 84, either the court which forfeited the recognizance, or the one in which the suit on it is brought, is "empowered to order the said recognizance to be levied, moderated or remitted" (Mishler v. Com., 62 Pa. 55; Bross v. Com., 71 Pa. 262), this cannot be done at the trial (Com. v. Rhoads, 9 Pa. 488), but must be, if at all, as the result of the petition prescribed by the Act of 1783, supra: Foulke v. Com., 90 Pa. 257; Com. v. Fogelman, 3 Pa. Superior Ct. 566; Com. v. Balsamo, 72 Pa. Superior Ct. 182. At the trial of such an action, "no evidence is admissible [for the defense] but what tends to show, either that the recognizance was not forfeited, or that it had been [moderated or] remitted by lawful authority" (Com. v. Nowland, 10 S. & R. 355), and this is so though the record of the suit in which the recognizance was taken also shows other and later things which may be of importance on the petition to moderate or remit: Com. v. Oblender, 135 Pa. 530. The reason for this conclusion is that "a recognizance is a matter of record, and, when forfeited, it is in the nature, in some respects, of a judgment of record. The process on it, whether scire facias or summons, is rather judicial than original; and is for the purpose of carrying the

judgment into effect": Com. v. County Commissioners, 8 S. & R. 151, 154; Bodine v. Com., 24 Pa. 69, 71; Com. v. Gray, 26 Pa. Superior Ct. 110, 112.

The judgment of the court below is affirmed, with leave to defendants, or either of them, to apply for a moderation or remission of the forfeiture of the recognizance, in the way provided by section 2 of the Act of December 9, 1783, 2 Sm. Laws 84.