## Commonwealth, to use, v. Davis (et al., Appellant).

Argued April 16, 1936.

Be-
fore KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

282

*M. E. Graham,* with him *Gunnison, Fish, Gifford & Chapin,* for appellant.

*Byron A. Baur,* of *Marsh, Spaeder, Himebaugh & Baur,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

E. W. Marsh recovered judgment in the sum of $710 in a trespass case against Edward L. Prue. On January 8, 1931, a capias ad satisfaciendum was directed to Millard L. Davis, sheriff of Erie County, commanding him to take Prue and have him before the court the second Monday of February, 1931, to satisfy this judgment. The final clause in the writ was: "Bond required in sum of $500."

This action in assumpsit was brought by Marsh against Millard L. Davis, sheriff, and the Fidelity and Casualty Company of New York, his surety, for the failure of the sheriff to comply with the commands of the writ. When this suit was instituted, there was pending another action in assumpsit, brought by B. W. Blystone against the sheriff on his bond. On March 14, 1934, the lower court ordered that Marsh be made a party plaintiff in the Blystone suit, but "that a separate trial be held according to law." A stipulation was filed on March 26, 1934, between the attorneys for the sheriff and his surety and Marsh, whereby it was agreed that the pleadings in the Marsh case "shall be deemed and considered to have been duly served on the said defendants and filed in the above encaptioned case according to law, and that trial shall be had on the issues raised by said pleadings with like force and effect as though said pleadings had been so served and filed."

The case came on for trial and proof was offered upon the part of the plaintiff that the sheriff, in pursuance

of the writ, took Prue into custody on January 20, 1931; that three days thereafter he ordered his release upon Prue's depositing $710 in cash as payment of the judgment; that the sheriff failed to pay the money to the plaintiff, but returned it to Prue and took in place thereof a promissory note of one Fred Halfast, who, at that time, was not the owner of real estate in Erie County.

The sheriff denied receipt and return of the money to Prue, that he violated the trust and duties of his office, or that any loss or damage resulted to the plaintiff. He admitted taking the promissory note and not returning the writ as directed, but stated that the writ was duly executed on May 16, 1931, as Prue was then arrested, remained in jail sixty days, and was later released by order of the court on bond given for a hearing in insolvent proceedings.

The lower court instructed the jury that if they believed the sheriff had collected $710 and had not paid it over, the plaintiff was entitled to a verdict, and the jury so found.

The first position taken by the appellant is that as this action was originally brought upon an official recognizance, the plaintiff cannot intervene in the action of assumpsit brought by Blystone to recover under the sheriff's bond.

The sheriff was required by the Act of May 2, 1929, P. L. 1278, art. III, §§182, 183 (16 PS §§182, 183), which is a reenactment of the Act of April 15, 1834, P. L. 537, §62 (16 PS §1531), to give a bond and a recognizance, conditioned for the performance of his official duties. A recognizance and a bond are distinct securities. They have different characteristics and afford separate remedies: In re: Morris' Est., 4 Pa. 162; Com. v. Lelar et al., 13 Pa. 22; Com. v. Montgomery et al., 31 Pa. 519. For instance, the lien of a recognizance dates from its entry, while a bond is a

lien from the date judgment is obtained thereon: In re: Morris' Est., supra.

Under the Act approved March 28, 1803, P. L. 497, 4 Sm. L. 45, §4 (16 PS §1598), a sheriff is required to enter into a recognizance with surety. Whenever the commonwealth, or any individual is aggrieved by the misconduct of a sheriff, he may institute an action of debt of scire facias upon the recognizance against the sheriff and his surety, and obtain a judgment thereon. Either an action of debt (assumpsit since the Act of 1887) or a scire facias sur recognizance is an appropriate remedy: Bodine v. Com., 24 Pa. 69; Com. v. Barrett, 304 Pa. 13, 155 A. 95.

The Act of June 14, 1836, P. L. 637, §6 (8 PS §§111 to 116), governing proceedings upon a bond, provides that an action shall be instituted in the name of the commonwealth, and the names of the persons by whom the writ shall be sued out shall be plaintiffs; that if two or more persons having several interests shall join in suing, it shall be lawful for them to declare separately the breaches of the condition or obligation which have been made to their particular injury; that any other person to whom a cause of action shall have accrued on such bond at any time before judgment, upon suggestion filed with leave of the court, shall be made a party plaintiff; if several persons are joined and if there are separate issues against the defendants, it shall be lawful for them to have a separate trial thereof.

It was held in McMicken et al. v. Com., 58 Pa. 213, that, although the sixth section of the Act of 1836 provides that "every bond and obligation which shall be given to the commonwealth by any public officer" may be prosecuted in the manner therein prescribed, it was contemplated by the legislature that this act was to regulate actions upon official bonds only, and did not include recognizances. Therefore, the Act of 1803, so far as it relates to proceedings upon a recognizance

given by a sheriff, is not supplied or repealed by the Act of 1836. See Com. v. Yeisley, 6 Pa. Superior Ct. 273, 278.

The defendants, however, did not object to the form of procedure by raising in their affidavit of defense the question of plaintiff's right to maintain the action, as could have been done, but, on the contrary, agreed thereto and joined issue with the facts averred in the pleadings. By so doing they were in nowise prejudiced or injured in the trial had, and we think the alleged irregularity was not fatal to the proceeding. "An irregularity, mistake, or lack of certainty in the form or theory of action, or as to the kind of proceedings which plaintiff has instituted in order to obtain relief, is waived by pleading to the merits or proceeding to trial without objection, or both": 49 C. J. 837, §1237. It was held in Welker v. Metcalf, 209 Pa. 373, 58 A. 687, that where an action is brought in trespass, it is too late for defendant to object to the form of the action after he has ruled the plaintiff to file a declaration and has put in a plea of "not guilty;" that by so doing he admitted the action was in proper form and waived the right to attack it on that ground.

The appellant further contends that the subsequent surrender, imprisonment, and release of Prue bar a recovery in this case. The object of a capias ad satisfaciendum is to take and retain the body of the defendant. That portion of the writ which stated that bond was required in the sum of $500 was undoubtedly irregular, as the purpose of the writ was not to require bail but for the sheriff to take defendant's body as a pledge for the payment of the debt: Avery v. Seely, 3 W. & S. 494. The sheriff testified that he did not release the defendant on the bond, but at the request of a relative of Prue, so that the latter could return to work. The bond feature, therefore, is of no consequence.

The jury was clearly warranted in determining from

the testimony that the sheriff returned the money Prue paid him; that he considered the capias a regular execution writ and made no attempt to follow its commands, but released Prue and took a chance on the security afforded by the Halfast note. It was the sheriff's duty, by virtue of the writ, to keep his prisoner, as he was not authorized to let him go at large without the consent of the plaintiff. He must, therefore, answer for his official dereliction of duty: Smith et al. v. Com., 59 Pa. 320. It is therein stated (p. 325) : "The rule in civil cases is ...... that it is the sheriff's duty to keep every prisoner taken by him by virtue of a writ of execution in salva et arcta custodia, for if the sheriff allow a defendant arrested by him on a ca. sa. to go at large for the shortest time, either before or after the return-day of the writ, without consent of the plaintiff, it is an escape for which the sheriff is answerable."

In Wolverton et al. v. Com., 7 S. & R. 273, the sheriff permitted the prisoner, after he had been taken into custody on a capias ad satisfaciendum, to be released or to escape without the plaintiffs' authorization and without collecting the debt. The jury found a verdict for plaintiffs in the amount due by the execution debtor, and the judgment was affirmed by the Supreme Court. One of the issues involved was the admissibility of evidence of the discharge of the execution debtor under the insolvent laws in order to reduce the amount of damages. This evidence was excluded by the lower court and the Supreme Court affirmed the ruling. Chief Justice GIBSON, the opinion writer, stated (p. 278) : "Such evidence would unquestionably be competent in an action for an escape on mesne process; but imprisonment of the body on a commitment in execution is, in contemplation of law, full satisfaction of the debt; and a right of which the sheriff cannot deprive the plaintiff without paying for it, not only its actual but its legal value. This right is the creditor's prop-

erty, and cannot be taken from him at a less price than the law has set upon it."

Finally, the appellant asserts that the court erred in instructing the jury: "We say to you that at first glance, prima facie, the note in the sum of $710 under all the circumstances of this case would be presumed to be taken in payment. But that is not a conclusive presumption but may be rebutted by evidence to the contrary." Counsel did not specifically object to this instruction as they took only a general exception. Furthermore, we think the statement is not subject to just criticism. The note was an unqualified promise to pay the sum of $710, and was in the following language: "$710, Erie, Pa., 12/31/31. Ten days after date I promise to pay to Millard L. Davis, or order $710, without defalcation, value received, with interest ...... Fred W. Halfast (LS)." We concede to the appellant's proposition that between a debtor and a creditor a promissory note is not to be presumed to be taken in payment of a prior debt, even though it is in full amount of the debt: United States v. Hegeman, 204 Pa. 438, 54 A. 344; Easton School Dist. v. Continental Cas. Co., 304 Pa. 67, 155 A. 93. When, however, a promissory note states for "value received," the burden is on the maker to prove no consideration: Royer's Est., 217 Pa. 626, 628, 66 A. 854; Speier v. Michelson, 303 Pa. 66, 70, 154 A. 127.

A full consideration of this record convinces us that the plaintiff established, by sufficient competent evidence, that he sustained damages to the extent of the amount he recovered by the jury's verdict, as a result of the sheriff's breach of his official duty.

Judgment is affirmed.